## MARY E. LANE, ADMR., v. THE NATIONAL BANK OF THE METROPOLIS.

1. STATUTE OF LIMITATIONS; *when it will not run.* Where a debtor, being a citizen of and having a furnished house within this State, which was his usual place of residence for himself and family, and so continued to be, was personally out of the State and remained absent therefrom attending to his duties as a United States Senator, and upon other business, for such a period of time as would prevent the statute of limitations from running upon a note executed by such debtor, (and after a cause

of action had accrued thereon,) if the time of such absence should be excluded from the computation of the time limited for bringing suit on such note; *Held*, That under the provisions of §28, ch. 26, Comp. Laws 1862, the time of such absence should be so excluded from such computation; and under the circumstances stated the said note would not be barred by the statute.

2. In the construction of statutes of limitation, general words are to have a general operation; and where there cannot be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment. No exceptions can be claimed in favor of particular persons or cases, unless they are expressly mentioned.

## *Error from Douglas District Court.*

ACTION against the plaintiff in error, as administratrix of the estate of James H. Lane. The petition stated that the said J. H. L., for his own use and benefit, caused a promissory note to be executed and indorsed, at the place and date stated therein, and delivered to defendant in error, in words as follows:

"WASHINGTON, D. C., FEB'Y 20th, 1865.
" On demand after date I promise to pay to the order of J. B. Hutchinson, cashier, thirty-eight hundred dollars, value received, with interest.    RICHARD DUNBAR."
Indorsed on the back—" J. H. LANE."

The petition also alleged the decease of said J. H. L.; the appointment of Mary E. Lane, as administratrix; that the note was unpaid; " that a demand of payment " of said amount due was made of said Richard Dunbar " *according to law*, and payment refused; and that on the " 8th of February, 1867, said note was duly protested " and due notice thereof given to the said administra- " trix." Suit was commenced September 2, 1867. First defense, general denial; second, the statute of limitations.

The case was tried upon an agreed state of facts, from which it appears that the note was executed at Washington, D. C., on day of its date, and for the benefit of J. H. L.; that said J. H. L. resided at Lawrence, in this State, where he kept and maintained a furnished house;

that he was a member of the United States Senate; that he was in Washington, with his wife and other members of his family, from November, 1865, until the middle of June, 1866; that he died July 11th, 1866, and that administration on his estate was granted August 16th following; that payment had been demanded and refused, etc.

The court gave judgment for the plaintiff below, and the defendant brings the case here for review.

*Wilson Shannon*, for plaintiff in error:

The action is barred by the two-years statute of limitation. Comp. L. 1862, p. 232, ch. 27, § 2. And the time Lane was out of the State on official business, he having a residence in the State where process could have been served on him, should have been counted in estimating the limitation. These facts take the case out of the operation of the *exceptions* to the statute found in § 28 of ch. 26, Comp. L., p. 128, and bring it within the statute prescribing a two-years limitation on foreign notes. Angel on Limitations, 348; 16 Conn., 106; 7 Foster, (N. H.,) 348; 38 Maine, 171; 10 Shepley, (Me.,) 413; 3 Foster, 376; 3 Kas., 26; 4 Kas., 238.

*Thacher & Banks*, for defendant in error:

1. This court has decided that the exceptions contained in § 28, ch. 26, (Civil Code,) apply to § 2, ch. 27. *Bonifant v. Doniphan*, 3 Kas., 26; *Hart v. Horn*, 4 id. 232.

It is a general doctrine, deducible from the decisions in this country, that the exceptions to the statute of limitations, as to " absence," " beyond seas," etc., apply to *residents* as well as non-residents. *Ford v. Babcock*, 2 Sand., 518; *Ruggles v. Keeler*, 3 Johns., 265; *Cole v. Jessup*, 10 N. Y., 96, 103; *Dwight v. Clark*, 7 Mass., 515; *Little v. Blunt*, 16 Pick., 359; 4 Gilm. (Ill.) 125; 16 Cal. 93: 22 U. S. Dig., 389, § 79.

The exceptions apply to the party's *personal* absence, unless the statute, as in the New England States, and in New York, Iowa, etc., provides that a *residence* out of the State is necessary to stop the operation of the statute. Cases cited above. Also, 3 Gilm., (Ill.) 637; *Fisher v. Phelps*, 21 Texas, 521; 25 U. S. Dig., § 80.

But if the place of residence has any bearing upon the question, then it is submitted, that Lane's open house in Lawrence, while he himself, or he with his family, were in Washington, though it might be his *domicile*, was not his *residence*, within the meaning of the law. "Domicile" is defined, "*permanent* residence, accompanied with intent to remain there always."— *Webster*. "Residence" is defined, "an abode—the place where one dwells *for some continuance of time, as the residence of an American in France or Italy.*"—Id. And see 19 Wend., 11; 1 id. 43; 14 How, U. S., 423; 1 Bouv. L. Dic., 413; 2 id. 468; Roberts Eccl. R., 75. And as to exceptions, *Hardin v. Palmer*, 2 E. D. Smith, 172, 177; *Horton v. Horner*, 16 Ohio, 146.

2.   In this State there can be no doubt that the Legislature intended to make a personal absence of the debtor from the State work a suspension of the limitation. The matter of residence, so far as service of summons is concerned, is in nowise connected with the statute of limitation. And our statute of limitation, and those of the States following the English statute, differ materially in their nature. *Chick v. Willetts*, 2 Kas., 384.

The statute is plain and without ambiguity. It provides: "If, when a cause of action accrues against a *person*, he be out of the State, * * the period limited for the commencement of the action shall not begin to run until he comes into the State; * * and if, *after*

the cause of action accrues, he *depart* from the State, *
* the time of his *absence* * * shall not be computed
as any part of the period within which the action must
be brought." Comp. L., p. 128, § 28.

The exceptions to the statute will be construed to con-
tain all the cases intended to be covered by it; and it
having specified some, the court cannot go outside of
those specified for others covered by its spirit, or by
the original reason for the rule. 3 Johns., 265; 13
Wend., 39; 2 Barb. Ch. 422; 3 Hill, 36; 14 Mich., 417;
9 Wis., 52; 19 Wis., 60, and cases there cited.

The intent of the Legislature is clear, that *all absences*
from the State on the part of the debtor, should suspend
the operation of the limitation. And successive absences
may be aggregated, when mere *absence* is enough. 4
Gilm., (Ill.) 125; 21 Texas, 551; 22 N Y., 447.

3. But the cause of action did not accrue as against
Lane nor his estate, until demand of payment was made
upon Dunbar, and payment refused.† The contract of
Lane, on the face of the papers, is collateral, and that of
a guarantee. 2 Kas., 527; 14 Johns., 349; 9 Mass., 314.

The note in suit is a *continuing* security. It was paya-
ble *on demand*, and drew interest at ten per cent. per
year. This fact is conclusive, that it was not the inten-
tion of the parties, as expressed in the note, that it should
be presumed due immediately at date. *Merritt v. Todd*,
23 N. Y., 33; *Payne v. Gardiner*, 29 N. H., 146; 2 Pars.
Notes, 138, *note*. And see opinion of Bronson, J., in *Nel-
son v. Bostwick*, 5 Hill, 39, and cases there cited.

[ † The *date* of this demand nowhere appears in the record. The language of the
petition is, that " demand of payment was made according to law," as quoted in the fore-
going statement of the case; and in the "agreed facts," it is stated that payment was
demanded of Dunbar, and refused, " as in the petition set forth." But the court seem
to have regarded the plaintiff in error as waiving everything except the statute of limita-
tions; and hence they speak of LANE as a *maker* of the note, and not as an "indorser,"
or "guarantor."— REPORTER.]

The opinion of the court was delivered by

SAFFORD, J.:   The note sued upon in this case was executed beyond the limits of the State, and bore date of

1. LIMITATION OF ACTIONS. Absence of citizen from the State, on public duties, sufficient to take case out of the statute. February 20th, 1865, due upon demand. Suit was commenced Sept. 2, 1867.   The record shows that on the trial in the court below, the defendant relied upon the two-years statute of limitation.   Comp. L. 1862, ch. 27, § 2.   The plaintiff, in reply to this defense, interposed the claim, that during the time which had elapsed since the accruing of the cause of action, and before the commencement of the suit, the maker of the note had been out of the State of Kansas for such a period as would, under § 28, ch. 26, Comp. L., take the case out of the statute.   Section 28 reads as follows: "If, when a cause of action accrues "against a person, he be out of the territory, or has "absconded, or concealed himself, the period limited for "the commencement of the action shall not begin to run "until he comes into the territory, or while he is so "absconded or concealed; and if, after the cause of action "accrues, he depart from the territory, or abscond, or con-"ceal himself, the time of his absence or concealment shall "not be computed as any part of the period within which "the action must be brought." (Gen. St. 1868, ch. 80, § 21.)

It is contended for the defendant below, that the rule here laid down is not applicable to, and therefore does not govern this case.   The admitted facts, as to the point in question, are in substance, that the maker of the note, at the time of the execution thereof, had a fur-nished house in the city of Lawrence, in this State, which was his usual place of residence for himself and family, and so continued to be his and his family's said usual place of residence, after the cause of action had accrued

on said note, and up to the time of his death, which
occurred on or about the 11th day of July, 1866; and
thereafter, that of his family. It is further admitted
that after the said accruing of the cause of action upon
said note, the maker was personally *absent out of the State
of Kansas,* attending to his duties as a member of the
United States Senate, and on other business, a sufficient
length of time to prevent the statute of limitations above
referred to from running against said note, if the time he
was thus absent should be excluded in computing the
time limited by said statute for the bringing of suit
thereon. These admissions seem to have the effect of
disposing of one question which has occupied the atten-
tion of counsel on either side, in their discussion of the
case; and that is, the one relating to the time of the
accruing of the cause of action upon the note, as against
the maker, or his representative. That question may
therefore be laid out of the case here.

It seems also to be conceded, that if section 28, before
referred to, be construed according to the plain and literal
2. Construction of signification of the language used, and in its
statute. Gen-
al words to have
general opera- common acceptation, or in other words, if the
tion.
legislature in enacting said section meant just what they
said therein, and no more, then, and in that case, the
above admitted facts make a case to which such section
is intended to apply. At least, such is our view of the
matter. It would be difficult to use language more clear,
full, and expressive of the idea which is apparent at a
glance, and upon the face of this provision of the statute;
and we are not able to discover any satisfactory reason
why we should give to it any other than such obvious
meaning. Such literal construction does not make a
conflict with any other provision of the code, or other

statute; neither are we aware of any circumstances or considerations which imply that the enacting power intended anything further or beyond what is so plainly expressed. "It is a settled principle in the construction of statutes of limitation, that general words are to have a general operation; and unless there can be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment." 19 Wisconsin, 60, and authorities there cited. We hold therefore that under said section 28, the statute of limitations did not run upon the note in question during the absence of the maker from the State, as by the admitted facts appears, and that as a consequence the action thereon was not barred at the commencement of the suit.

The counsel for defendant in error referred us to authorities in point, and sustaining the view we have here taken; while on the other hand, the opposing counsel has cited us to cases which are clearly in support of a contrary doctrine. To these latter we have given careful consideration, but as before seen, have felt compelled to dissent from the conclusions therein expressed. It is to be remarked however, that some of these decisions were made in view of statutory provisions which are substantially different from our own upon the same subject.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

VALENTINE, J., not sitting in the case, having tried it in the court below.