JAMES CONLON v. A. H. LANPHEAR.

LIMITATION OF ACTION—*Presence in the State.* Where a defendant, in an action against him on an open account, relies upon the statute of limitation for a defense, he must establish the fact that he has been present in person within the state three years since the date of the last item in such account, before the commencement of the action. (*Lane, Adm'r, v. Bank of Metropolis,* 6 Kas. 74, cited, and followed.)

*Error from Atchison District Court.*

THE opinion states the case.

*Chas. J. Conlon,* and *Frank Royse,* for plaintiff in error.

*Martin & Orr,* for defendant in error.

Opinion by HOLT, C.: This action was tried in the Atchison district court, at the March term, 1886, upon the following agreed statement of facts:

"The bill is admitted, the last item of which is dated February 15, 1874. It is also agreed that Mr. Conlon himself left here in the first week in May, 1876, and went to New York for the purpose of disposing of some property, and intended at that time to return; that his family remained here until the 20th of December, 1876, living on a homestead just west

of Atchison.    Conlon returned here on December 10, 1881, and remained until February 10, 1882, but did not bring his family.    He then returned to New York, and he and his family returned here March 6, 1885.    Suit was commenced June 10, 1885.    He has been here ever since March, 1885.    He returned on December 10, 1881, for the purpose of settling up some matters with the railroad company in reference to right-of-way through his place.    It is also agreed that during this time he had property in the jurisdiction of the court. The family remained here from the time Conlon left in May, 1876, until December 20, 1876.    After returning with the family March 6, he has continuously resided on the homestead up to now."

There is but a single question in the case, and that is, whether the statute of limitation has run against the claim of the plaintiff, the defendant in error, in this court.    Section 21 of the civil code, Compiled Laws of 1879, provides:

"If, when a cause of action accrues against a person, he be out of the state,  .   .   .   the period limited for the commencement of the action shall not begin to run until he comes into the state,  .   .   .   and if, after the cause of action accrues, he depart from the state,  .   .   .   the time of his absence .   .   .   shall not be computed as any part of the period within which the action must be brought."

The statute has reference to the absence personally of the defendant from the state.    By the agreed statement of facts he had not been in the state altogether three years since the date of the last item in plaintiff's claim, before the commencement of this action.    In construing the statute of limitation, general words are to have a general operation, and the fact whether his residence was changed, or whether he had property within the state, is not to be decided in this action, but simply whether he himself was within the state more than three years, or less than three years, after the last item of the bill was dated.    We think the case of *Lane, Adm'x, v. Bank of Metropolis,* 6 Kas. 74, is decisive of this case.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.