Minshall, C. J.
The question in this case arises upon the defense in the answer to which the demurrer was sustained. The defense was intended to avoid the effect of .the averments in the petition as to the absence of the decedent from the state at the time the plaintiff’s causes of action accrued, and his continued absence thereafter until the time of- his death. The question requires a construction of the following section of the Revised Statutes, relating to the statute of limitations:
“ Sec. 4989. If, when a cause of action accrues against a person, he is out of the state, or has absconded, or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, *229 or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought.”
It is necessary to observe that it is not claimed in the defense to which the demurrer was overruled, that the causes of action to which it was pleaded, or any of them, arose in the state of West Virginia, the residence of the deceased, or were to be performed there. Such averments were made as separate grounds of defense, and were met by denials. The gist of the defense to which the demurrer was interposed, is that, although the decedent resided in the state of West Virginia when the causes of action accrued, yet he frequently came into this state, and within the jurisdiction of the courts of the county in which the plaintiff resided, after the causes of action accrued, and more than six years before the action was commenced; and that these occasions were attended with such circumstances of notoriety, that the plaintiff could, with the exercise of ordinary diligence, have obtained service upon him. The defense admits that the deceased was a non-resident of the state at the time the causes of action accrued; but it is claimed, that if, at any time thereafter, he came into the state so that the plaintiff might have commenced his action, the statute began to run, and continued to do so, though he may have departed the state the next day, and have remained out of it the residue of his life.
We do not so construe this statute. Where a defendant is out of the state when a cause of action accrues against him, our construction is, that the statute does not begin to run until he comes into the state. It then begins to run against him, and if he remain in the state, it will be barred in the period limited, from that time. But if, after he comes into the state, he again depart from it, the running of the statute is suspended during his absence. It is not necessary that we should determine in this case, whether absence upon business — the defendant continuing a resident of the state— is sufficient, or whether it must be limited to absence as a *230 non-resident of the state, for it is admitted that the decedent was a resident of the state of West Virginia, and his absence* therefore, referable to that fact.
The design of the statute is to give to the plaintiff the full period of the limitation, in available time, for the commencement of his action; so that, in ascertaining this period, the time the defendant is out of the state, is not computed as any part of the time given him in which to commence his action. This is in close analogy to the Roman law which, in like cases, counted only the available days, tempus utile, on which activity was possible, in ascertaining whether an action was barred by limitation or not; and days on which the action was hindered by the absence of the defendant, were excluded from the computation of the term. Poste’s Gaius, 255.
This is the only rational construction that can be placed on the statute, and makes it consistent with itself. Thus in the second clause it is provided, in so many words, that if after the cause of action accrues, the defendant depart from the state, “ the time of his absence.....shall not be computed as any part of the period within which the action must be brought.” It could not then have been intended by the legislature that, where a defendant was absent from the state at the time a cause of action accrued, his return to the state would not only set the statute to running in his favor, but that it would continue to run, whether he remained in the state or not.
The first clause provides for the case where the defendant is absent from the state when the cause of action accrues; the second for the case where he departs from the state after it has accrued. In the first, the statute begins to run when he comes into the state; in the second, it ceases to run, and is suspended, until he returns to the state. The purpose, then, of the statute is perfectly plain: Presence of the defendant within the state, so that he may be sued, avails in his favor; absence from the state, whether at the accruing of the action or afterwards, suspends the running of the statute.
*231 This is the first time the precise question seems to have arisen in this court, so that none of its previous decisions afford any light in determining it. But most of the other states have statutes of limitations with provisions similar in this regard to our own, which have been frequently construed by their courts; and the general result of these decisions is, that when a defendant is absent from the state when a cause of action accrues against him, his occasional, or frequent visits to the state, will be of no avail to him under a plea of the statute of limitations, however open and notorious his visits may have been, unless he has been in the state, and the jurisdiction of its courts, for the full period limited by the statute, either continuously or in the aggregate.
The statute of the state of Maine is substantially the same as our own; and there, in a suit on a promissory note, which the defendant claimed was barred, he offered to show that though he lived in the Province of New Brunswick, he was frequently in the state to the knowledge of the plaintiff. But the court said: “The defendant was absent from and resided out of the state when the cause of action accrued, and has not since resided within it, though he may have occasionally been within its limits,” and it was held that he could not avail himself of the bar of the statute. Hacker v. Everett, 57 Maine, 548. We cite, in this connection, and to the same effect, Milton v. Babson, 6 Allen 322; Lane v. National Bank, 6 Kan. 74; Smith v. The heirs of Bond, 8 Ala. 386; Chenot v. Lefevre, 3 Gilm. (Ill.) 637; Bell v. Lamprey, 57 N. H. 168; Bassett v. Bassett, 55 Barb. 505; and Bennett v. Cook, 43 N. Y. 537. In the last case the defendant resided in Jersey City, but did business in New York city, and was there some eight or ten hours each day. He pled the statute. But the court said: “ If the statute runs at all during the presence of a non-resident within the state, such presence must, in any view of the case, amount in the aggregate to six years to render the defense available.” And in Bassett v. Bassett, it is said: “ The object of the exception in the statute was to give the creditor the whole of the six years’ residence in the state within which to commence his action. *232 He is not obliged to follow the debtor to another state; nor is he called upon to watch him to ascertain whether he comes into the state for a temporary purpose, so long as his residence is elsewhere.”
Our conclusion then is, that, under the provisions of section 4989, Revised Statutes, the statute of limitations does not run in favor of a defendant to a cause of action whilst he is absent from the state; and this principle is not affected by the fact that the defendant may have been absent from the state, when the cause of action first accrued against him; for whenever he departs from the state, after having come into it, the running of the statute is suspended from that time and during his absence, whether the cause of action first accrued whilst he was in, or whilst he was absent from the state.
Judgment reversed, and cause remanded with direction to sustain the demurrer to the second defense in the additional answer, filed June 18, 1884, and for further proceedings.