*In re* Stewart.

---

## *In re* George A. Stewart.
### Nos. 11456 and 11457.

1. Criminal Procedure—*Contents of Warrant.* A warrant issued by an examining magistrate for the arrest of a person charged with felony is sufficient if it designate the crime by name. Technical averments are not required.

2. ———— *Warrant—Limitation of Action.* The accused is informed of the criminal charge not only by the words of the warrant but also by the evidence introduced at the preliminary examination by the state in support thereof. Hence an objection that the warrant shows on its face that the offense is barred by limitation is unavailable.

3. ———— *Case Followed. The State v. Bailey*, 32 Kan. 83, 3 Pac. 769, followed.

Original proceedings in *habeas corpus.* Opinion filed July 8, 1899. Petitioner remanded.

*Winfield Freeman*, and *Thos. J. White*, for petitioner.
*Hutchings & Keplinger*, for respondent.

The opinion of the court was delivered by

SMITH, J. : The petitioner, George A. Stewart, was arrested on two warrants issued by an examining magistrate after complaints had been duly filed, one charging forgery of two checks upon the Kansas City Savings Bank, and the other embezzlement at the same time and place. The warrants are as follows :

"WARRANT.

" State of Kansas, Wyandotte County, ss.

"*The State of Kansas to any Sheriff or any Constable of the State of Kansas :* It appearing that there are reasonable grounds for believing that at the county of Wyandotte, state of Kansas, and on or about the 5th day of September, A. D. 1896, one George A. Stewart did unlawfully and feloniously falsely make and forge a check which purported to be and was drawn on the Kansas City Savings Bank, which was then a bank incorporated under the laws of the state of Kansas, which check purported to be drawn, executed and signed by one Peter Peterson, who was then a depositor in said bank, and a creditor thereof, of which check so as aforesaid falsely made and forged the following is a copy :

'Kansas City, Kansas .......................189....
THE KANSAS CITY SAVINGS BANK.
Pay to cash or bearer $580.05 five hundred & eighty $\frac{05}{100}$ dollars.
PETER PETERSON.'

contrary to the statutes in such cases made and provided. And it further appearing that at the county of Wyandotte, state of Kansas, one George A. Stewart, on or about the 24th day of December, 1896, did unlawfully and feloniously falsely make and forge a certain check on the Kansas City Savings Bank, which was then a bank incorporated under the laws of the state of Kansas, which check purported to be drawn, executed and signed by one Peter Peterson, who was then a depositor in said bank and creditor thereof, of which check so as aforesaid falsely made and forged the following is a copy : ·

*In re* Stewart.

'Kansas City, Kansas................................189......
THE KANSAS CITY SAVINGS BANK.
Pay to cash or bearer $9.16 nine $\frac{16}{100}$ dollars.

PETER PETERSON.'

And it further appearing that at the time of so falsely making and forging each of said checks the said George A. Stewart was the cashier of said bank, and that, for the purpose of concealing the fact of said checks having been so falsely made and forged, he made false entries as if made in the regular course of business upon the books of said bank, showing a payment to said Peterson of the amount named in said checks respectively, and also stamped each of said checks as having been paid, and he, the said George A. Stewart, did thereby conceal the fact that said checks, or either of them, had been falsely made and forged, and such fact remained concealed and was not discovered until within three months last past :

You are therefore commanded forthwith to arrest said George A. Stewart and bring him before me, of said Wyandotte county, to be dealt with according to law.

Witness my hand, this 29th day of March, 1899.

E. B. PFOST,
*Judge City Court, First District,*
*Kansas City, Kan.*"

" WARRANT.

" State of Kansas, Wyandotte County, ss.

" *The State of Kansas to any Sheriff or any Constable of the State of Kansas :* It appearing that there are reasonable grounds for believing that at the county of Wyandotte, state of Kansas, and on or about the 5th day of September, A. D. 1896, one George A. Stewart, who then was an officer and the cashier, agent and clerk of the Kansas City Savings Bank, which then was a corporation organized under the laws of the state, did unlawfully and feloniously embezzle and convert to his own use, without the assent of said bank, valuable effects consisting of money, bank bills and treasury notes belonging to said bank of the value of five hundred and ninety dollars and seventy-one cents, which had come into his possession and under his care by

virtue of said official trust, and by virtue of his employment as such agent and clerk, and that at said time and place he, the said George A. Stewart, made false entries upon the books of said bank showing the payment of the amount so as aforesaid taken to Peter Peterson, who was a depositor in said bank, and who had that amount on deposit in said bank, and was a creditor of said bank to that amount, and also prepared and attached the purported signatures of said Peterson to checks for said amount, and stamped the same as having been paid and deposited, said checks so stamped, and by such false entries and checks, and by such stamping he concealed the fact of the commission of said crime so that such fact was not discovered until within three months last past :

"You are commanded forthwith to arrest said George A. Stewart and bring him before me, to be dealt with according to law.

"Witness my hand, this 29th day of March, 1899.
E. B. PFOST,
*Judge City Court, First District,*
*Kansas City, Kan."*

A preliminary examination was had, and after hearing the evidence it was found by the magistrate that the offenses of forgery and embezzlement had been committed, and that there was probable cause for believing the petitioner guilty of the commission of the same. In default of bail he was committed to the county jail. Thereupon he petitioned this court for a writ of *habeas corpus*, which was granted, and prays for his discharge from custody. The warrants follow substantially the language of the complaints. The respondent sheriff sets out the same, together with the complaints, in his return to the writ, and the petitioner demurs thereto upon the ground that said return is not sufficient in law to authorize his detention.

The petitioner contends that the offenses charged in the warrants appear on the face thereof to be barred

by the statute of limitations.  It will be noticed that the offenses are charged to have been committed on or about the 5th day of September and the 24th day of December, 1896, and would be barred by limitation two years from that time unless saved by some exception in the statute.  Section 33, chapter 102, General Statutes of 1897 (Gen. Stat. 1889, ¶ 5096), reads : "If any person who has committed an offense is absent from the state or so conceals himself that process cannot be served upon him or conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitation."

The defendant filed a motion to quash the warrants before the magistrate upon the ground that the charge of forgery did not allege an intent to injure or defraud, and that no demand was alleged in the warrant for embezzlement.  We will consider these matters in connection with the allegations of the warrants concerning the concealment of the fact of the crime.

Counsel for petitioner have drawn our attention to several authorities, principally from the state of Indiana, to the effect that the words of said section of the statute refer to positive acts of concealment preventing a discovery of the fact of the commission of the offense, which must be unconnected with the fact that the accused was the guilty perpetrator.  This construction seems to be well established in that state. (*Jones v. The State*, 14 Ind. 120 ; *The State v. Fries*, 53 id. 489 ; *Robinson v. The State*, 57 id. 113.  It is unnecessary, in view of the liberality with which warrants are construed in such cases, to determine the scope of section 33 of our statute above set out.  Warrants issued by justices of the peace and other examining magistrates are not required to contain formal or technical language in setting out the offense

50—60 KAN.

charged. In the case of *The State v. Smith*, 13 Kan. 274, 296, it is said :

"To hold that the warrant of a justice should describe the offense as accurately as the information would in most cases be to defeat justice. They are generally unlearned in the technicalities of the law, and describe the offense in general terms, while the information is expected to be more exact in its terms, and more full and accurate in its statements." See also *The State v. Baker*, 57 Kan. 541, 46 Pac. 947.

Again, in *The State v. Bailey*, 32 Kan. 83, 89, 3 Pac. 769, it was held that on a preliminary hearing it was not necessary for the papers and proceedings to be technically regular and exact like those required at the final trial, or to set forth the offense in all its details and with perfect and exhaustive accuracy ; that all that is necessary in such case is that the defendant be given a fair opportunity to know, by the proper preliminary examination, the general character and outlines of the offense charged, and that details and technical forms were not necessary to be set forth in the papers.

The petitioner calls upon us to apply the same scrutiny to these warrants that is to be given to an information when attacked by a motion to quash. The law does not require this. There is an attempt in the warrants to charge the commission of the crimes, and the warrants were sufficient, for the purposes of a preliminary examination, to inform the defendant of the charges against him. The allegations of concealment are sufficient as against this demurrer to the return of the sheriff. The warrant charging an offense constituting a felony rarely contains such full and complete averments as are required of an information, and the law does not require it. It would have been sufficient for the warrant to have set out the offense by name, as contemplated by the form con-

tained in section 37, chapter 102, General Statutes of 1897 (Gen. Stat. 1889, ¶ 5100), without averring the exception, bringing the time of its commission within the statute of limitations.   While the examination is held upon the warrant (*Redmond v. The State*, 12 Kan. 172), yet its averments do not constitute the only notice to be conveyed to the defendant of the nature of the crime charged.   "Defendant should take notice from the evidence introduced by the state on the preliminary examination, as well as from the papers in the case, of the nature and character of the offense charged against him."   (*The State v. Bailey*, supra.)

The question as to whether a prosecution for a crime is barred by the statute of limitations is one of fact, to be determined by the jury, and ought to be submitted to them under proper instructions with other questions in the case.   (*In re Clyne, Petitioner*, 52 Kan. 441, 450, 35 Pac. 23.)   The testimony heard at the examination is not before us.   The magistrate found, as a matter of fact, upon the evidence produced, that the petitioner did conceal the fact of the crime.   This being true, and the purpose of a warrant being for the detention of persons charged with crime until an examination can be had concerning the charges made therein, we are not permitted to give the attack upon the latter that technical consideration demanded by the petitioner.   The warrants were sufficient for the purposes intended, and the magistrate had jurisdiction of the cases.   The demurrer to the return will be overruled and the prisoner remanded to the custody of the sheriff.