No. 21,967.

## THE AITKEN LUMBER COMPANY, *Appellee,* v. THE KANSAS CASUALTY & SURETY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

LUMBERMAN'S LIEN—*Materials Furnished—Indemnity Bond—Default of Contractor—Liability of Surety.* The contractor in the erection of a building purchased from the plaintiff cement under an agreement that he was to be charged with the sacks on the same terms as for cement, and on receipt of the empty sacks plaintiff was to repurchase them at ten cents each. In an action on a surety bond given to indemnify persons furnishing the material, *held,* that in order to determine the amount due plaintiff it was proper to charge the contractor with cash paid for the return of the sacks.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed June 7, 1919. Affirmed.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler,* and *George Siefkin,* all of Wichita, for the appellant.

*F. V. Russell,* and *R. C. Russell,* both of Great Bend, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant executed its bond as surety for the use of all persons in whose favor liens might accrue on account of labor or material furnished in the erection of a mill and elevator building. The plaintiff sued to recover a balance claimed to be due for material furnished. The case was tried upon an agreed statement of facts, and judgment was rendered for plaintiff, from which the defendant appeals.

The defendant excepts to three items in plaintiff's account which aggregate $1,148.82, and which were for cash paid by plaintiff to the contractor. The correctness of plaintiff's account otherwise is not disputed. The controversy over the three cash items arises in this way: The plaintiff furnished the contractor cement in sacks under a contract which provided that the purchaser was to pay for sacks on the same terms as for cement, and on receipt of the empty sacks in good condition the plaintiff was to repurchase them at ten cents each. In

13—105 KAN.

order to obtain the discount allowed for cash, the contractor paid the purchase price of the cement when it was delivered, and the discount was figured upon the full amount of the purchase price, which, of course, included the sacks. On three separate occasions he returned sacks after the cement had been used, and the plaintiff paid him in cash the refund agreed upon when the cement was purchased. Because the bond expressly provided that the surety merely guaranteed to pay claims for which the party furnishing labor or material would otherwise have been entitled to file a lien upon the building, it is contended by the defendant that in fixing the amount of its liability the court erroneously allowed these cash items for which plaintiff would not in any event have been entitled to a lien. There is not the slightest merit in this contention. If no surety bond had been given, the plaintiff would have been entitled to file a lien for the cost of the cement furnished to the contractor, and that is all that is included in the items of which defendant complains. In order to deliver the cement for convenient use, sacks were necessary as containers; these were furnished temporarily by the plaintiff under a contract by which the purchaser was charged with the sacks, and upon their return, a fixed price for them was to be refunded to him in cash. The whole question involves a mere matter of accounting. It is obvious that the contractor, having paid for the sacks in the first place, was entitled to receive the cash for them when they were returned, all of which was no concern of the surety company.

The judgment is affirmed.

----

### OPINION DENYING A REHEARING.

(Filed July 5, 1919.)

In a motion for rehearing which, for the most part, reargues the same contentions made at the former hearing, counsel for the appellant surety company call attention again to certain decisions which were not mentioned in the former opinion. It is said that the surety company undertook to pay all claims for material which might become the basis for a lien; and that the action was upon an account containing many items, the correctness of all but three being admitted. The contested items

covered cement sacks which were returned to the materialman, who paid the contractor the agreed price for them. In the motion it is insisted that by the judgment the appellant is compelled to pay for cement sacks which were not used in the construction of the building, and cannot be the subject of a lien.

In an attempt to briefly analyze their contention, counsel state a suppositive case, as follows:

"Suppose the Aitken Lumber Company had sold to the contractor a carload of lumber worth five thousand dollars and a horse worth one thousand one hundred forty-eight dollars and thirty-two cents ($1,-148.32) and had rendered a bill to the contractor for six thousand one hundred forty-eight dollars and thirty-two cents ($6,148.32). Admitting that the lumber was lienable and the Surety Company liable for this item, is the horse also subject to a lien because it is contained in the same account?"

Counsel's "horse" case perfectly illustrates their contention as we understood it from the briefs and oral argument; but in order to make it a "bay horse" case, or at all analogous, it should contain the further statement that before the action was brought against the surety company, the contractor returned the horse to the lumber company and was given credit on his account for $1,148.32, so that the balance of the account represented exactly the purchase price of the material actually used in the construction of the building.

For the reason that the exact situation was so obvious, it was not thought necessary in the former opinion to refer to two decisions, cited by appellant in the original brief and again relied upon in this motion, and which, it is urged, define the utmost limit to which courts will go in allowing liens for material employed in construction work but which does not constitute part of the permanent structure. One of the cases involved lumber used in making forms for a concrete structure, the lumber being largely consumed and rendered valueless by such use, and for that reason it was held to constitute material used in the construction of the building. (*Lumber Co. v. Douglas,* 89 Kan. 308, 131 Pac. 563.) In *Supply Co. v. Surety Co.,* 103 Kan. 125, 175 Pac. 108, steel sheet piling, largely consumed in the construction of a bridge, was held to be material within the mechanics' lien act, except as to so much of the piling as was used again in other construction work. In both cases the question was whether or not the material was

"used" in the sense of being substantially consumed in the work of construction. No question involved in those decisions is pertinent to the decision in the present case, and they were not mentioned in the former opinion, because in this case the lumber company made no claim for the cost of the cement sacks, and the judgment does not oblige the surety company to pay for them.

Rehearing denied.