**COMMONWEALTH LOAN CO., Plaintiff-Appellee, v. FIRESTONE ET AL., Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20372.    Decided December 9, 1946.

Kuth, Myers & Bradley, Cleveland, for Plaintiff-Appellee.
B. B. Murad, for Defendants-Appellants.

## OPINION

By SKEEL, P. J.

This appeal comes to this court on questions of law from a judgment of the Municipal Court of Cleveland in favor of the plaintiff, in the sum of $119.00.

The defendant borrowed $140.00 from plaintiff, a corporation authorized to make loans under the Small Loans Act as prescribed by §8624-62 GC. The loan was evidenced by a cognovit note and was signed by defendants on Aug. 5, 1926. The note, a copy of which is attached to plaintiff's petition, shows the last payment made thereon was March 7, 1928, leaving a balance due of $79.59 for which amount the plaintiff asked judgment with interest at the rate of 3% per month. The court entered judgment by confession against defendants on May 14, 1945 for $119.39. The defendants on June 5, 1945, filed a motion to vacate the judgment thus entered by confession, which motion was partly heard on July 6, 1945, at which time the court stayed further proceedings on the judgment and permitted the defendants to file their answers. The answers of defendant pleaded the statute of limitations as a bar to plaintiff's claim.

On Sept. 14, 1945 the case was heard and submitted and on Dec. 4, 1945, the court made the following entry:

"To Court: Motion to vacate judgment overruled."

Defendants thereupon filed a request for findings of fact and conclusions of law. The findings of fact were substantially as follows:

"That on May 14, 1945, judgment was rendered against defendants in the sum of $119.39 on a promissory note dated Aug. 5, 1926.

That on Aug. 5, 1926, plaintiff loaned the defendants $140.00 and received as security for the debt the promissory note of the defendants.

That the last payment made thereon by defendants was March 7, 1930 (the endorsement on the note is March 7, 1928). That from that date until the date of judgment, May 14, 1945, the defendants left the State of Ohio and maintained their residence in the City of Chicago, Illinois, for a period of approximately four years and at another time during that period the defendants had been in Pittsburg, Pennsylvania, on a 'short trip.' "

The court's conclusions of law were to the effect that while it is true that, by the statute of limitations, an action on a contract in writing for the payment of money must be commenced within fifteen years from the date the cause of action accrued, yet, under §11228 GC if the defendants depart from the state after the cause of action accrued, the time of his

absence shall not be computed as any part of the period within which the action must be brought. That, therefore, as a result of defendants absence the right to file the within action did not expire until March 7, 1949.

The defendants claim is that the court erred in overruling the motion to vacate the judgment. Their contention as thus stated is based upon the fact that the plaintiff was in possession of a confession of judgment in the form of a cognovit. note evidencing the debt due it (which debt was the subject of this action) and therefore the presence of defendants within the jurisdiction of the court or within the state was not a necessary prerequisite to the right and power of plaintiff to. take a valid and enforcible judgment against them.

Sec. 11228 GC provides in part:

"* * * After the cause of action accrues if he departs from the state *. * * the time of his absence * * * shall not be computed as any part of a period within which the action must be brought."

"Statutes of Limitations are Statutes of repose and are designed to secure the peace of society." 25 O. Jur. 422.

Their object is to require vigilance in litigating claimed rights and to provide against fraudulent claims being asserted after the passing of time would make such claim difficult to defend. Exceptions to the statutory rules of limitation are to be strictly construed. Powell et al v Koehler et al, 52 Oh St 103 at page 118. But such rule of construction will not justify the court in construing the "saving clause" in the chapter on "Limitations of Actions" so as to narrow the plain import of the legislative intention to provide for certain exceptions. In 25 O. Jur. 602, the author, in considering the scope of §11228 GC says:

"The object and purpose of the statute, evidently, is that the creditor shall have the full statutory time in which to commence an action. If by reason of the debtor's departure from the state, or his absconding or concealing himself, the creditor is prevented from commencing an action on his claim because of his inability to obtain service of process, then there is added to the statutory time the period during which his right to sue was suspended. But, if at no time during the statutory period the right to sue is suspended, then there is no reason for an extension of time, because the creditor has had the benefit of the whole time. 'Depart from the state' should not be construed to mean a temporary absence, where

the debtor has a usual place of residence or abode, where, under the Ohio statute, a copy of a summons may be left. If so, it would include any absence from the state, and as the authorities agree that absence within the meaning of the statute may be accumulated and the entire time deducted, then more temporary absences of one or two days, at various times, on business or pleasure, though the right to sue had at no time been suspended, could be accumulated and the statute suspended for the aggregate time of such various absences. Mere temporary absences, though extending over a period of several months, of one retaining a legal residence and place of abode within the state, do not operate to extend the period of limitations."

It is this statement of the rule upon which the appellants rely in contending that the defendants' absence from the state did not toll the statute. The case upon which the author relies for the last part of the foregoing quotation is Lindsay v Maxwell, 4 O. N. P. 354, decided by the common pleas court of Greene County, January 1897. The case supports the quotation. The syllabus of the case provides:

"Mere temporary absence though extended over a period of several months while retaining a legal residence and place of abode within the state, do not operate to extend the period of limitation within Sec. 4989 Rev. Stat. (Sec. 11228 GC.)"

The cases that are cited by the court in support of this interpretation of the statute are from other jurisdictions and in some instances the statutes of such state are different from that in Ohio.

In Maine, New Hampshire, Minnesota and Vermont the statutes provide that if the debtor be absent from and reside out of the state the statute of limitations is tolled.

Under such statutes it is universally held that mere temporary absence from the state does not come within the provisions thereof and the time within which an action is barred is not tolled by mere temporary absence of the debtor. There is a clear division of authority between the several states where the statute provides, as it does in Ohio, that "* * * if after the cause of action accrues he departs from the state * * * the time of his absence shall not be computed * * * ." A few states apply a literal interpretation construing the statute to mean any absence regardless of whether or not the claimant is or is not prevented from proceeding against the debtor, as tolling the statute of limitations. In Bauserman v

Blunt, 147 U. S. 647 the Federal Court in following the rule as pronounced by the supreme court of Kansas, held in the second paragraph of the syllabus:

"The statute of limitations of Kansas as construed by the supreme court of the state does not run while the debtor is absent from the state, although he retains a usual place of residence therein, where a summons on him might be served."

Lane v National Bank, 6 Kan. 74.
Hogett v Emerson, 6 Kan. 181.
Morrell v Pugh, 23 Kan. 32.
Conlon v Lamphear, 37 Kan. 431.
Roth v Holman, 105 Kan. 195.

On the other hand by the greater weight of authority such statutes are more liberally construed. The majority rule is clearly stated in 94 A. L. R. 486 as follows:

"On the theory that the purpose of these provisions is to prevent the defendant from defeating the plaintiff's claim by merely absenting himself from the state or establishing a residence elsewhere for the period of limitation, many courts, giving a liberal construction to the statute, have, where its terms would not be plainly violated by such construction, adhered to the view that where, notwithstanding such absence or nonresidence, process could have been served in the state to enable plaintiff to institute an action upon his claim, the period of the defendant's absence from the state shall not be excluded from the period of limitation, and the statute continues to run during such absence."

One of the leading cases supporting this view is Sage v Hawley, 16 Conn. 106. In this case the plaintiff claimed that in settling his accounts with the defendant it overlooked the amount for which this action was brought. One of the defenses of defendant was the statute of limitations. The plaintiff's reply to such defense was the absence of the defendant from the jurisdiction for a part of the time which absence tolled the statute of limitations for the period he was out of the state. The statute of Connecticut provided in part:

"* * * in computing the time limited in the several cases aforesaid, the time during which the party against whom there may be any such cause of action, shall be without this state, shall be excluded from the computation." Stat. 406, parag. 8 (Ed. 1838).

The facts of defendant's absence were that on two occasions during the six year period after plaintiff's cause of action accrued he was out of the state taking care of certain business in a southern state. During his absence he maintained his family at his usual place of residence in Connecticut and left in said state an abundance of property and his absence was temporary in character. The second paragraph of the syllabus provided:

"Where the defendant, a debtor of the plaintiff, being a citizen of and domiciled within this state and residing therein with his family, consisting of his wife and several children, and having property therein of greater value than the amount of plaintiff's demand, publicly left his family and property here, and went out of the state, at different times in two successive years, to one of the southern states, where he remained, each time for a period of about eight months, for the purpose of taking charge of a store of goods and attending to the business thereof intending at his departure and during his absence a temporary absence only, and a speedy return to his residence in this state and without abandoning or intending to abandon his domicile here, it was held, that the defendant during such absence was not 'without the state' within the meaning of the eighth section of our statute of limitations and therefore, the time of such absence was not to be excluded from the computation of the time limited for bringing this action." (Chief Justice dissenting).

The dissent of the Chief Justice held that the words of the statute clearly intended to include all absences from the state regardless of the temporary circumstances of his departure. The meaning of the statute as found by the Chief Justice, was based on its history. He stated that at the time the language of the statute was first used, travel was most difficult and much time was required to go to distant places. That under these circumstances, in using the words "absence from the state" the legislature must have meant just what the words imply.

This interpretation of the statute excludes from its operation cases where, by the ordinary processes of the law, the court can obtain jurisdiction of the defendant and render a judgment in personam, regardless of his temporary absence from the state. In such cases not only is the defendant subject to a judgment in personam, if the facts justify such result, but the plaintiff is able to work out all supplemental

relief where the debtor maintains his usual place of residence within the state during his temporary absence.

But the facts in the case now under consideration are wholly different. Here the defendant went to Chicago and became an elector of the State of Illinois for a period of four years during which time he was beyond the jurisdiction of the courts of Ohio.

Cases have been brought to our attention where, by special provisions of the law under certain circumstances, the courts of a state are given jurisdiction to render judgments in personam against non-resident defendants who have not been personally served with process. The courts have come to the conclusion that because the plaintiff's right to bring an action against such non-resident defendant while he is beyond the jurisdiction of the court is thus provided for, the statute of limitations is not tolled by the absence of the defendant from the state. One of the leading cases upon this point is Coombs v Darling et al, 116 Conn. 643 (May 9, 1933). In this case the plaintiff was injured and suffered damage by reason of the negligence of defendant in operating her automobile on a public highway in Connecticut. The defendant was a non-resident, living in New York but she came into Connecticut three days each week to teach except during vacation periods. Plaintiff brought action against the defendant in Connecticut. The accident occurred on Nov. 3, 1930. The defendant was served in New York under the provisions of the General Statutes, parag. 5473, providing for serving summons upon a non-resident defendant in an automobile accident case occurring on the highways of Connecticut, by serving the complaint upon the Motor Vehicle Commissioner of Connecticut and giving notice to the defendant by mail directed to the address given by the defendant in registering his automobile. Such complaint was served on the defendant as thus provided by law on Dec. 24, 1931, or more than one year after the accident. The statute of limitations for personal injury cases in Connecticut is one year. The plaintiff's claim was that the statute of limitations was tolled because of the non-residence of the defendant. Upon these facts the court held:

"The purpose of General Statutes §6022, which excludes from the time limited for the bringing of actions the time during which a party is within the state, was to preserve the right of action during the absence of the defendant, when it was impossible to serve him with process in an action in personam.

"The purpose of General Statutes §5473 providing for service upon the motor vehicle commissioner in an action

against a non-resident for negligent operation of an automobile, was to afford a means by which the equivalent of personal service might be made upon the non-resident, although he was not actually within the state.

."The defendant was a non-resident and service of the complaint was made upon the motor vehicle commissioner under the state on Dec. 24, 1931, the accident having occurred on Nov. 3, 1930. From the date of the accident to the service of the complaint the defendant was in this state three days each week, except during vacation periods. Held:

"1. That the legislature meant to substitute at the option of the plaintiff, in this class of cases, service upon the motor vehicle commissioner in place of service upon the person of a non-resident within the state, with the incidents which follow upon such service, including the application of the one-year statute of limitations.

"2. That in actions begun under §5473, the one year statute of limitations applies and the provisions of §6022 do not."

While there are a few cases to the contrary, such as Bode v Flynn, 213 Wis. 509, this case unquestionably is in accord with the great weight of authority.

The Coombs case, supra, can be of no benefit to the defendants in the case now under consideration because as was stated by the court the action is governed by special statutes and the general statutes tolling the statute of limitations because of the defendants absence from the state do not apply.

In no case that we have been able to discover has a statute similar to §11228 GC supra, been interpreted as having no effect on the statute of limitations as to an accrued right of action, where the defendant has no residence in the state where the creditor is domiciled and he, the debtor, has become a citizen of another state, and there is no legal means of serving process upon him in the way provided by law, even though the debt due the creditor is evidenced by a cognovit note whereby a judgment may be taken against the defendant no matter where he is domiciled. The absence of the defendant in this case was permanent in character for a period of four years and his absence prevented the plaintiff from instituting any proceedings after judgment. Also, by statute the defendants are given certain relief against a judgment by confession under the terms of a cognovit note that are not available to a defendant where service of process is had as provided by law. See §11631 GC. The holder of a cognovit note should not be compelled to reduce his claim to judgment just to preserve his

rights, when the defendant has permanently moved out of the state and is beyond the jurisdiction of our courts.

We conclude, therefore, that the judgment of the municipal court should be affirmed.

HURD and MORGAN, JJ, concur.