No. 39,822

L. J. LIPS, *Appellant,* v. LEE M. EGAN, *Appellee.*

(285 P. 2d 767)

Opinion filed July 6, 1955.

*C. E. Vance, A. M. Fleming,* and *Bert J. Vance,* all of Garden City, and *Charles H. Fleming,* of Scott City, were on the briefs for the appellant.

*Ray H. Calihan, Logan N. Green, Daniel R. Hopkins,* and *Ray H. Calihan, Jr.,* all of Garden City, were on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal was taken from an order of the trial court sustaining a demurrer to appellant's second cause of action as stated in his petition.

The petition, which was filed on October 5, 1942, contained three causes of action but since the first and third were admitted and judgment confessed thereupon by the appellee in his answer, we need not consider them on this appeal.

In order to understand clearly the theories propounded by the parties, it is necessary to set out the preliminary residential status of the parties at the time of the commencement of the action. Appellant was a resident of Kansas City, Jackson county, Missouri, and appellee was at all times and until sometime in 1941, a non-resident of and *absent from* the state of Kansas.

The second cause of action substantially stated that appellee had made, executed and delivered to appellant the following promissory note, marked as exhibit "C", which was made a part of the second cause of action:

"$300.00                              Kansas City, Missouri, June 16th, 1934
"On November 1st, 1934 I promise to pay to the order of .
                              "L. J. LIPS
"THREE HUNDRED . . . . . . . . . . Dollars Payable at the Exchange State Bank, 611 Minnesota Avenue, Kansas City, Kansas . . . . with interest at the rate of ten per cent per annum from maturity until paid. Interest payable on demand.        ·        ·
                              "(Signed)   LEE M. EGAN.
"Value received
"No      Due 11/1/1934"

Appellant further alleged he was the legal owner and holder of the note and that no principal or interest had been paid. He asked for judgment for the principal of $300.00 together with interest of ten percent per annum from November 1, 1934.

On December 30, 1942, appellee filed an answer to appellant's second cause of action in which he denied liability for the reason that the note was barred by the statute of limitations of Kansas and further that the allegations of the second cause of action failed to state a cause of action in appellant's favor and against appellee.

Approximately twelve years later, and on December 7, 1954, the demurrer to appellant's second cause of action which had been set out in appellee's answer, was sustained by the trial court, from

which order appellant timely appealed to this court, assigning as his specification of error that the trial court erred in sustaining appellee's demurrer to appellant's second cause of action.

The only question presented for our determination is whether the cause of action under consideration as stated in the petition is barred by the statute of limitations.

Speaking generally, we are here dealing with a promissory note which was due on November 1, 1934. The cause of action accrued and the five year statute of limitations (G. S. 1949, 60-306, *First*) began to run on that date. (34 Am. Jur., Limitation of Actions, § 146, p. 117; 54 C. J. S., Limitations of Actions, § 147, p. 77.)

One exception to this general rule which tolls the statute of limitations is contained in G. S. 1949, 60-309 as follows:

"If when a cause of action accrues against a person he be out of the state . . . the period limited for the commencement of the action shall not begin to run until he comes into the state,"

and in ascertaining the legislative intent, we must also consider that the same statute further reads:

". . . and if after the cause of action accrues he depart from the state . . . the time of his absence . . . shall not be computed as any part of the period within which the action must be brought. . . ."

The journal entry showed that the trial court considered the demurrer, heard arguments of counsel and sustained the demurrer.

The note in question showed on its face that it was payable in Kansas. The cause of action arose only because of failure or default on the part of appellee to pay the debt ($300.00) at the time (November 1, 1934) and place (Exchange State Bank, 611 Minnesota Avenue, Kansas City, Kansas) so that the cause of action accrued in Kansas at a time when appellee was absent from the state. He did not return or come into the state until sometime in 1941 according to the petition. The governing statute of limitations is that of Kansas, the place where the note was made payable. (*Bank & Trust Co. v. Porth,* 116 Kan. 310, 226 Pac. 747; *Swift v. Clay,* 127 Kan. 148, 272 Pac. 170; G. S. 1949, 52-704; 10 C. J. S., Bills and Notes, § 49, p. 489.) Several cases were cited which do not help us because they were based either upon accounts for merchandise or notes which did not designate a place of payment.

The petition alleged that appellee was absent from the state, which is sufficient to toll the statute. (*Bowman v. Bowman,* 134 Kan. 477, 7 P. 2d 521.)

Summarizing the case, we have here a promissory note which was executed outside the state between nonresidents of the state made payable on November 1, 1934, at a bank in Kansas. The law of the state of Kansas applies to the note since that was the place of payment definitely stated by the parties. in the note itself. The cause of action accrued in Kansas on November 1, 1934, when the payor failed to pay the note and since *he was absent from the state* until sometime in 1941, a demurrer to the cause of action, filed in 1942, predicated upon the bar of the five year statute of limitations is not good.

The trial court erred in sustaining the demurrer to appellant's second cause of action and the judgment is therefore reversed with directions to overrule the demurrer.