No. 44,780

STATE OF KANSAS, *Appellee*, v. RAYMOND WYMAN, *Appellant*.

(426 P. 2d 26)

Opinion filed April 8, 1967.

*A. Price Woodard, Jr.,* of Wichita, argued the cause, and *Robert D. Watson* and *Roscoe D. Austin,* both of Wichita, were with him on the brief for the appellant.

*Raymond A. Overpeck,* Deputy County Attorney, argued the cause, and *Robert Londerholm,* Attorney General, and *Darrell G. Mitchel,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Raymond Wyman, was convicted of burglary and larceny and sentenced to the Kansas State Industrial Reformatory. He has appealed from the judgment.

The question for our determination is whether prosecution was barred by the statute of limitations.

There is no dispute as to any material fact. The offense was committed on the night of December 4, 1963. Thereafter, and on or about June 2, 1964, the defendant entered the United States Navy, where he served until February, 1966. While in service, Wyman was based at naval stations or on naval ships stationed outside the state of Kansas, with the exception of four furloughs of fifteen days

each. Nine months of Wyman's service was in the Vietnam theater of operations.

The record is somewhat scanty but we were advised at the time of oral argument that the defendant was returned to Kansas in February, 1966, to stand trial on another offense; that he was acquitted on that charge; and that following such acquittal the present complaint was filed and warrant issued on March 2, 1966, some two years and three months after commission of the offenses for which he was tried and convicted.

Our statute, K. S. A. 62-503, provides that a prosecution for offenses of the character involved in this action must be commenced within two years after they are committed. The state concedes that a prosecution is deemed commenced when a complaint is filed and a warrant thereon is issued. ( *State v. Woolworth,* 148 Kan. 180, 186, 81 P. 2d 43; *State v. Cashman,* 174 Kan. 272, 276, 255 P. 2d 660.) Inasmuch as twenty-seven months intervened between date of offense and issuance of warrant, it is obvious that the present prosecution would be barred unless the statute was somehow tolled.

It is the state's position that the statute *has* been tolled in this case because of the defendant's absence from the state. The pertinent statute is K. S. A. 62-504, which reads:

"If any person who has committed an offense is absent from the state, or so conceals himself that process cannot be served upon him, or conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitation."

Certain facts were stipulated between the state and the defendant which clearly disclose that Wyman was absent from the state of Kansas for a sufficient time to toll the statute, unless, as the defendant maintains, absence alone is not sufficient to toll the statute. The defendant argues that absence from the state must be coupled with concealment, either of the person or of the crime, before the running of the statute can be interrupted.

No authority is cited to support the defendant's contention and we have been unable to find any. From the language of the statute, itself, we believe it is manifest that concealment is not required to toll the statute where a person has been absent from the state. The provisions of K. S. A. 62-504 are set forth disjunctively, not conjunctively.

As we read the statute, there are three periods of time which are not to be counted in computing the period of limitation: (1)

The time when a person is absent from the state; (2) the time during which a person conceals himself so that he cannot be served with process; and (3) the time when a person conceals the fact of his crime. Such is the view previously taken by this court in *State v. Hill*, 145 Kan. 19, 64 P. 2d 71, and such appears generally to be the prevailing view in jurisdictions having statutes worded like ours. In *People v. Snowden*, 149 C. A. 2d 552, 559, 308 P. 2d 815, cert. den. 355 U. S. 841, 2 L. Ed. 2d 49, 78 S. Ct. 62, the California court said:

"The time a defendant is absent from the state is excluded in determining whether the statute of limitations is a bar to his prosecution. . . ."

(See, also, *U. S. v. Hershenson*, 131 F. Supp. 782.)

This court has similarly construed our former civil statute, G. S. 1949, 60-309, pertaining to limitation of civil actions. That statute provided that where a person left the state after a cause of action accrued, or absconded or concealed himself, the period of such absence or concealment should not be computed as any part of the period within which an action had to be brought. In *Roth v. Holman*, 105 Kan. 175, 182 Pac. 416, we construed the statute and held:

"The statute of limitations is held not to have run on the plaintiff's claim, because of the interruption caused by the personal absence of the defendant from the state, notwithstanding his continued maintenance of a residence here." (Syl.)

(See, also, *Conlon v. Lanphear*, 37 Kan. 431, 15 Pac. 600; *Gibson v. Simmons*, 77 Kan. 461, 94 Pac. 1013; *Lips v. Egan*, 178 Kan. 378, 285 P. 2d 767.)

Our attention is directed by the defendant to testimony of an alleged accomplice that he informed the county attorney in February, 1965, that Wyman participated in the burglary and was in the United States Navy and that he also told the attorney where Wyman's parents lived. It is suggested that the county attorney's failure to have a complaint filed and a warrant issued until a year after he received that information prevents the statute from being tolled. He cites in support of this contention two Kansas cases: *In re Clyne, Petitioner*, 52 Kan. 441, 35 Pac. 23 and *State v. Bowman*, 106 Kan. 430, 188 Pac. 242. We think neither case is controlling.

In *Clyne* it was held that where the sheriff, at the direction of the county attorney, held a warrant for five months beyond the

statutory period of limitation without serving the same on the defendant, who was present in the county the entire time, was frequently seen by the sheriff, and who could have been arrested any day, the time of such unnecessary delay in serving the warrant should be computed as part of the period of limitation.

The actual holding in *Bowman* was that an action is commenced when a warrant is issued in good faith and delivered to the sheriff for service, even though there may be subsequent unnecessary delay in serving the writ. If there be such delay, the court added, the time it continues is included in computing the period of limitation. The latter observation appears to be pure dicta.

In any event, the facts of neither *Clyne* nor *Bowman* fit this case. No delay is shown in serving the warrant after it was issued. Moreover, the stipulated facts show that neither the county attorney nor the sheriff had knowledge of the defendant's presence in El Dorado while on furlough.

There is nothing in the record from which the jury might have inferred, or from which this court can presume, that the defendant could have been arrested and returned to Kansas earlier than he was. He was in military service serving much of his time in an active theater of operations. It would be presumptuous, indeed, for us to assume that a request for his release from the navy, at least while he was performing hazardous duty, would have been honored. The record does not justify charges of procrastination or dereliction of duty. (See *Kubus v. Swenson,* 242 Minn. 425, 65 N. W. 2d 177; *U. S. v. Hershenson,* supra.)

The defendant cites two cases from foreign jurisdictions, both of which pertain to the statute of limitations as applied to persons on military duty. Neither case supports the defendant's position, for the statutes involved are different from our own.

In *State v. Fowler,* 194 A. 2d 558 (Del. 1963), the pertinent statute provided that no person should be prosecuted for an offense unless an indictment was found or an information filed within two years after the offense was committed, but that such provisions should not extend to any person fleeing from justice. The court held that a soldier who had enlisted did not come within the exception unless his enlistment was intended as a flight from justice.

The Pennsylvania case, *Commonwealth v. Shimpeno, Appellant,* 160 Pa. Super. 104, 50 A. 2d 39, dealt with the construction of a statute providing that only the period of time during which a

defendant was an inhabitant of the state, or was usually resident therein, should be counted in computing the statute of limitations. The court held in this case that a soldier who was a resident or inhabitant of Pennsylvania at the time he entered service continued in that status while he remained in service.

An additional case has been found from New York, *People v. Guariglia,* 65 N. Y. S. 2d 96, 187 Misc. 843, where the court in construing a statute very like that of Pennsylvania, held that a person in military service continues to be an inhabitant or resident of New York and the statute of limitations continues to run during his service. Neither this case, nor the two preceding cases, provide any precedent for us to follow in the instant action.

The defendant has included in his specifications of error the overruling of his motion for a new trial. This claim is based in part on the court's failure to admonish the jury to disregard remarks of the prosecutor made in final argument. No part of the state's closing argument has been abstracted, nor has the defendant set out what language he claims was offensive. Accordingly, nothing is presented to this court tending to establish prejudicial misconduct on the part of the state's counsel. (*Tartar v. Missouri-K.-T. Rld. Co.,* 119 Kan. 738, 241 Pac. 246). Furthermore, the record fails to show that objection was made to the remarks when they were uttered. This also precludes our review of the question. (*State v. Nusbaum,* 52 Kan. 52, 34 Pac. 407; *Roda v. Williams,* 195 Kan. 507, 515, 407 P. 2d 471).

We conclude that personal absence from the state is sufficient, of itself, to toll the statute of limitations within the meaning of K. S. A. 62-504. In the present case, allegations of absence were correctly contained in the information. The question of defendant's absence was properly submitted to the jury under appropriate instructions and that issue was determined adversely to the defendant. (*In re Stewart,* 60 Kan. 781, 787, 57 Pac. 976; *State v. Hill,* supra). We discern no error in the proceedings.

The judgment is affirmed.