### J. C. KITCHEN v. THE BELLEFONTAINE NATIONAL BANK.

JUDGMENT BY CONFESSION—*Validity*. The defendant executed in Ohio a promissory note, to which was subjoined a general warrant of attorney to confess judgment thereon. He afterward removed to Kansas. *Held*, That a judgment duly entered in Ohio, by confession, under the warrant of attorney, is valid, notwithstanding the defendant's removal from the state.

*Error from Finney District Court.*

ACTION by *The Bank* against *Kitchen*. Judgment for the plaintiff. The defendant comes to this court. The opinion herein, filed April 7, 1894, states the material facts.

*A. J. Hoskinson,* for plaintiff in error.

*H. R. Boyd,* for defendant in error; *William Lawrence,* of counsel.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by the bank against the plaintiff in error on a judgment of the court of common pleas of Green county, Ohio. The defendant in the court below says that he was a resident of Kansas during all the time proceedings were pending in the Ohio court, and that that court had no jurisdiction to render a judgment against

him.   Complaint is made of the ruling of the court in granting continuances on the application of the plaintiff.   This is
a matter largely within the discretion of the trial court, and
in this case that discretion does not seem to have been abused.
The suit in Ohio was on a promissory note, with a warrant
of attorney attached, which reads as follows:

"$1,818.43.       BELLEFONTAINE, O., January 15, 1883.
"Two hundred and sixty days after date, we, or either of
us, promise to pay the Bellefontaine National Bank, or order,
eighteen hundred eighteen $\frac{43}{100}$ dollars, for value received,
with interest at 8 per centum per annum after maturity.
And we authorize and empower any attorney at law, at any
time after the above note becomes due, to appear for us, or
any of us, in any court of record, and waive the issuing and
service of process, and confess judgment against us jointly or
severally, or against any of us, for the amount of said note,
interest, and costs, in favor of the legal holder of said note,
and to release all errors and waive all right of appeal, and
all right to file any petition in error.
"Witness our hands and seals, this 15th day of January,
A. D. 1883.            J. C. KITCHEN.        [SEAL.]
                       R. S. KERR.           [SEAL.]"

The original note was admitted in evidence on the trial,
over the objection of the defendant.   He admitted on the
witness stand that his signature was genuine.   No error was
committed in its admission, as it furnished proof of the
authority of the attorney who entered an appearance for the
defendants.

The validity of judgments in sister states entered on general warrants of attorney, similar to the one in this case, has
already been passed on by this court.   This judgment was
entered in term time, on the appearance of the defendant by
Joseph N. Dean, who is shown by the journal entry of judgment in the Ohio court to be one of the attorneys of record
of that court, under the warrant of attorney.   We think the
case of *Ritter v. Hoffman*, 35 Kas. 215, is decisive of the only
substantial question in the case.   The second clause of the
syllabus in that case is as follows: "Under the evidence in
the case, an instrument in writing confessing judgment, exe-

cuted in Pennsylvania and by a resident of that state, gives to the courts of Pennsylvania such jurisdiction over the person of the defendant that a valid personal judgment, enforceable in another state, may be rendered against him merely upon his written confession and the request of the holder of the instrument; and this without summons or pleadings or appearance by the defendant, and by the clerk of the court, or prothonotary, in vacation, and although the defendant may at the time of the rendition of the judgment be absent from the state of Pennsylvania and a resident of another state." See, also, *Dodge v. Coffin*, 15 Kas. 277; *Ward v. Baker*, 16 id. 31. We think the warrant of attorney is to be construed as authorizing an appearance in the courts of Ohio, the place where it was executed. The validity of such powers of attorney seems to be well settled in the courts of Ohio. (*Watson v. Paine*, 25 Ohio St. 340; *Bank v. Reed*, 31 id. 435; *Clements v. Hull*, 35 id. 141.)

Complaint is also made of the admission in evidence of the certificate of the comptroller of the currency of the incorporation of the plaintiff's bank under the national banking law. There was no error in this. The certificate was competent evidence, and the defendant was estopped from denying the plaintiff's corporate existence. (*Massey v. Building Association*, 22 Kas. 624.)

Other errors are assigned, but we deem them unworthy of special mention. No claim is made that the defendant does not justly owe the debt.

The judgment is affirmed.

All the Justices concurring.