N. E. SMITH, *as Mayor, etc.*, v. THE STATE OF
KANSAS, *ex rel., etc.*

No. 12,122.   ( 68 Pac. 641.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Injunction*—*Confession of Judg-
ment.* The state, on relation of the attorney-general, brought
suit against a city of the second class to enjoin its mayor and
councilmen from making contracts involving an expenditure of
money out of the general revenue fund in excess of the amount
which the city was authorized by law to raise by taxation for gen-
eral revenue purposes. Due service of summons was had on the
city. At a regular meeting of the city council, at which a quorum
of its members was present, a resolution was passed by a majority
of the members confessing judgment in the suit and authorizing
the city attorney to appear in court and confess judgment on be-
half of the city, which was done. *Held*, that the judgment was
valid and binding.

Error from Wyandotte court of common pleas ; W.
G. HOLT, judge. Opinion filed April 5, 1902. Af-
firmed.

*Hutchings & Keplinger*, for plaintiff in error.

*A. A. Godard*, attorney-general, *Philip Earhart, George
W. Littick*, and *Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was an action brought by the state
of Kansas, on relation of the attorney-general, to re-
strain the city of Rosedale, a city of the second class,
and its mayor and councilmen, from carrying out the
terms and provisions of two ordinances providing and
contracting for additional electric lights, whereby the
city would obligate itself to pay out more money than
it is authorized to raise for general revenue purposes,
and which it was beyond its power to meet by lawful
taxation.

Smith v. The State.

The city council of Rosedale consists of eight members. Pending the injunction suit, a regular meeting of the council was held at which there was a quorum present. By a vote of four of the members, which was a majority of a quorum, a resolution was passed confessing judgment in the injunction action and instructing the city attorney to appear in court on behalf of the city and confess judgment. This was done by the city attorney, who presented the resolution in open court, and a judgment was entered, enjoining the city from allowing any claims against it payable out of the general revenue fund, or from drawing any orders on the treasurer or making any written obligations in excess of the yearly amount of the general revenue fund, or from incurring any expense payable out of such fund in excess of the amount thereof. Four of the councilmen objected to the action of the court below in entering judgment and have prosecuted error.

Passing the question of their standing in this court, and their right to complain of a judgment to which they are not parties, we think the resolution conferred authority on the city attorney to consent to the judgment. The judgment was not confessed in the technical manner provided in section 4856 of the General Statutes of 1901. It is conceded by counsel for plaintiffs in error that the statute cited has no application to judgments in injunction suits. We regard the judgment complained of to have been rendered by consent, which estops the party consenting to its rendition from thereafter objecting to its validity. A judgment entered by confession, without the filing of an affidavit, required by section 4854 of the General Statutes of 1901, is valid between the parties. (*Caley v. Morgan*, 114 Ind. 350, 16 N. E. 790; *Coolbaugh v. Roemer*, 30 Minn. 424, 15 N. W. 869; *Plummer v. Doug-*

*las & Watson,* 14 Iowa, 69, 81 Am. Dec. 456; *Miller v. Earle,* 24 N. Y. 110; *Churchill v. Lyon,* 13 Iowa, 431.)

The object of the suit was to deter the city from doing acts in excess of its authorized powers as a municipal corporation under the laws of the state. By resolution, it conceded that it was rightly charged by the allegations contained in the petition, and in this form of expression conveyed its consent to the court that judgment might go against it. A quorum of members being present at the regular meeting of the council at which the resolution was passed authorizing the entry of judgment, a majority of the quorum could lawfully adopt it.

In *The Rushville Gas Company v. The City of Rushville et al.,* 121 Ind. 206–208, 23 N. E. 72, 6 L. R. A. 315, 16 Am. St. Rep. 388, a resolution was voted on and carried at a meeting of the city council of Rushville, authorizing a special committee to enter into a contract with an electric-light company for lighting the city. Six members composed the city council, but three of them, though present, declined to vote, and the mayor declared the resolution adopted. The court said :

"The rule is that if there is a quorum present and a majority of the quorum vote in favor of a measure, it will prevail, although an equal number should refrain from voting. It is not the majority of the whole number of members present that is required; all that is requisite is a majority of the number of members required to constitute a quorum. If there had been four members of the common council present, and three had voted for the resolution and one had voted against it, or had not voted at all, no one would hesitate to affirm that the resolution was duly passed, and it can make no difference whether four or six members are present, since it is always the vote of the majority of the quorum that is effective. The mere presence of inactive members does not impair the right of

the majority of the quorum to proceed with the business of the body. If members present desire to defeat a measure they must vote against it, for inaction will not accomplish their purpose. Their silence is acquiescence rather than opposition. Their refusal to vote is, in effect, a declaration that they consent that the majority of the quorum may act for the body of which they are members."

The rule stated applies also to the acts of the directors of private corporations. (*Smith v. Immigration etc. Ass'n*, 78 Cal. 289, 20 Pac. 677, 12 Am. St. Rep. 53, and note; *Ten Eyck v. Railroad Co.*, 74 Mich. 226, 41 N. W. 905, 3 L. R. A. 378, 16 Am. St. 633; 2 Cook on Stockholders, p. 1492.)

The first grant of power given by statute to cities of this class is to "sue and be sued." (Gen. Stat. 1901, § 939.) There can be no good reason why a municipal corporation may not consent to or confess a judgment in the same manner and to the same effect as a natural person or a private corporation. We have not been cited to any section of the statute which requires a city of the second class to act by ordinance when it confesses or consents to a judgment against it. Here the consent of the governing body to the rendition of the judgment was given in a lawful manner by a majority of a quorum of the council, if such consent can be given at all by resolution.

In *Atchison Board of Education v. De Kay*, 148 U. S. 591–598, 13 Sup. Ct. 709, 37 L Ed. 573, a board of education of a city of the second class in this state was authorized to issue bonds only after having obtained the consent of the city council. This consent was given by a resolution. The court said:

"The general rule is, that where the charter commits the decision of a matter to the council, and is silent as to the mode, the decision may be evidenced by a resolution, and need not necessarily be by an or-

dinance. *State v. Jersey City*, 27 N. J. Law (3 Dutcher), 493; *Butler v. Passaic*, 44 N. J. Law (15 Vroom), 171; *Bath Wire Co. v. Chicago, Burlington &c. Railway*, 70 Iowa, 105, 28 N. W. 494; *Sower v. Philadelphia*, 35 Pa. St. 231; *Gas Company v. San Francisco*, 6 Cal. 190; *First Municipality v. Cutting*, 4 La. Ann. 335; *Green Bay v. Brauns*, 50 Wis. 204, 6 N. W. 503; 1 Dillon's Municipal Corporations (4th ed.), sec. 307, and notes. Nor is there anything in the case in 32 Kan. (*Newman v. City of Emporia*, 32 Kan. 456, 4 Pac. 815), in conflict with this. That simply holds that when a charter requires that certain things be done by ordinance they cannot be done by resolution. In this act incorporating cities of the second class there is nothing which either in terms or by implication requires that the consent of the city council should be given only by ordinance. A resolution was therefore sufficient." (See *City of Alma v. Guaranty Sav. Bank*, 60 Fed. 203, 8 C. C. A. 564; *Blanchard et al. v. Bissell*, 11 Ohio St. 96.)

Counsel for plaintiffs in error predict dire results should it be held that a minority of the council may confess judgments, thereby putting it in the power of such minority to paralyze all city government. We quote in answer to such argument the language of Mr. Justice Miller in *United States v. Lee*, 106 U. S. 196, 217, 27 L. Ed. 181:

"Hypothetical cases of great evils may be suggested by a particularly fruitful imagination in regard to almost every law upon which depends the rights of the individual or of the government, and if the existence of laws is to depend upon their capacity to withstand such criticism, the whole fabric of the law must fail."

The objection that the judgment does not follow the special prayer of the petition is untenable for the reason that the petition concludes with a prayer for general relief. (16 Encycl. of Pl. & Pr. 782.)

The judgment of the court below will be affirmed.

Doster, C. J., Greene, Ellis, JJ., concurring.