No. 25,300.

GREENEBAUM & SONS BANK & TRUST COMPANY, *Appellant,* v. AUGUST F. PORTH, *Appellee.*

SYLLABUS BY THE COURT.

1. ACTION—*On Foreign Judgments—Promissory Notes Governed by the Laws of Illinois.* A note dated at Chicago, Ill., and made payable there is governed by the laws of Illinois, no matter where it was in reality signed.

2. SAME—*Action on Foreign Judgment—Available Defenses.* When suit is brought in this state upon a money judgment in another state and which is in all respects valid under the laws of that state, no defense can be set up against the judgment which might, with due diligence, have been interposed in the action in which the judgment was rendered.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed June 7, 1924. Reversed.

Bank & Trust Co. v. Porth.

*Alfred M. Jackson, Schuyler C. Bloss,* and *Martin E. Jarvis,* all of Winfield, for the appellant.

*Alvah H. Graham,* and *Harold W. Herrick,* both of Winfield, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In this case the plaintiff has appealed from an order overruling its demurrer to defendant's answer and rendering judgment for defendant in an action based upon a judgment of another state. Plaintiff alleged, in substance, that it was a corporation of Chicago, Ill.; that on September 22, 1922, it recovered a judgment against the defendant in the municipal court of Chicago, Ill., being a court of competent jurisdiction, for the sum of $1,203.20 and costs, no part of which had been paid. A duly certified copy of the judgment was attached.

Defendant answered, first, by general denial; second, that he was a resident of Kansas at the time the Illinois judgment was rendered; that he was not served with process, had no notice of the action, made no appearance therein in person or by attorney, and had not authorized any appearance in his behalf; third, he admitted the execution of the notes upon which the Illinois judgment was based; fourth, averred that the notes were procured by false and fraudulent representations, which were set out; fifth, denied that plaintiff in the action in Illinois was the lawful owner of the notes sued on at the time such suit was brought, specifically denied that it had purchased the notes before maturity from the payee named therein, and alleged if plaintiff had purchased the notes it had knowledge of the facts and circumstances under which the notes were procured; sixth, that the notes were executed by the defendant in Kansas and are Kansas contracts, subject to the laws of Kansas; seventh, that only one of the notes sued on was due at the time judgment was rendered in Illinois, and that defendant never consented in any way that the notes which were not due should be sued on; eighth, that the pretended allowance of attorneys' fees in the action in Illinois is void and unenforceable. To this answer was attached a duly certified copy of the entire proceedings of the case in the Illinois court. These show that the suit there was for money due upon five promissory notes, the originals of which were attached to the petition, executed by defendant, aggregating $1,100, dated March 21, 1922, payable to the order of Schlueter & Sons, Inc., and due, respectively, July 1, 1922, January 1 and July 1,

1923, and January 1 and July 1, 1924, with interest at 7 per cent. The petition alleged, "Which said promissory notes were by the said Schlueter & Sons, Inc., before maturity, for a valuable consideration, in due course, and without notice, indorsed and delivered to the plaintiff, who is the legal owner thereof; . . ." The petition alleged the amount due, and asked for judgment. Except as to the amount and dates due, the notes are identical, and read as follows:

"$200.00                                                   CHICAGO, March 21, 1922.

"On January 1st, 1923, for value received I promise to pay to the order of Schlueter & Sons, Inc., Two Hundred & 00-100.........................................Dollars at 601-3 W. Randolph St. Chicago, Ill., with interest at 7 per cent per annum after date until paid.

"And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court in term time, or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs and ........ dollars attorneys' fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that............said attorney may do by virtue hereof.

AUGUST F. PORTH."

Indorsed: "Schlueter & Sons, Inc., by H. J. Schlueter, Secy."

In accordance with the warrant of attorney contained in the note, an appearance was made by the filing of a *cognovit* by Jacob Berg, defendant's attorney. Upon this appearance the court found a reasonable sum for attorneys' fees to be $100, and judgment was rendered as follows:

"It is therefore considered by the court that the plaintiff have and recover of and from the defendant, August F. Porth, the damages of the plaintiff amounting to the sum of twelve hundred three and 20-100 dollars ($1,203.20) in form as aforesaid confessed, together with the costs by the plaintiff herein expended, and that execution issue therefor."

The court, upon request, granted leave for plaintiff to withdraw the original notes upon filing certified copies.

Plaintiff first moved to strike out each paragraph of the answer after the first, which motion was overruled. Defendant then withdrew the first paragraph of his answer, and plaintiff demurred to the answer, which demurrer was overruled. Plaintiff elected to stand on the demurrer, and judgment was rendered dismissing the cause against plaintiff, with costs.

It is conceded in this case that under the laws of the state of

Illinois a judgment may be entered upon a warrant of attorney, and it is further conceded that the judgment sued on in this action was rendered in a competent court of the state of Illinois in accordance with the laws of that state, and that it is a valid judgment in Illinois.

Appellant argues that a judgment rendered by confession of the defendant, whether in open court or upon a warrant of attorney, will support an action in another state if it is valid by the laws of the state where rendered, and even though no such form of judgment is recognized by the state where it was put in suit. This doctrine is not seriously controverted by appellee. (*Ritter v. Hoffman*, 35 Kan. 215, 10 Pac. 576; *Kitchen v. National Bank*, 53 Kan. 242, 36 Pac. 344.)

Appellee contends that the notes are Kansas contracts, and argues that his allegations in the answer that defendant was a resident of Kansas, that the notes were Kansas contracts subject to the laws of this state, are admitted by plaintiff's demurrer. The allegation of fact that defendant was a resident of the state of Kansas is admitted by the demurrer; but the conclusion of law averred in the answer, that the notes are Kansas contracts and governed by the laws of Kansas, is not admitted. Copies of the notes were set up as part of the answer. They show that the notes were dated at Illinois and payable in Illinois; they were therefore Illinois contracts. In *Vennum v. Mertens*, 119 Mo. App. 461, it was said:

"A note made payable in the state of Illinois, and showing on its face that it was to be controlled by laws of that state, is governed by the laws of Illinois, no matter where it was in reality signed." (Syl. ¶ 1.)

Appellee contends that he can collaterally attack the judgment of the other state. The general rule of this matter is that no defense can be set up against a judgment which might, with diligence, have been interposed in the action in which the judgment is rendered, and this applies when suit is brought upon a judgment of another state (*Snow v. Mitchell*, 37 Kan. 636, 15 Pac. 224), just as effectively as though the suit were based upon a judgment of some other court in this state. Hence defendant is not entitled in this action to show that the notes were originally procured by fraudulent representations. Appellee cites *Trebilcox v. M'Alpine*, 17 N. Y. S. 221, which is to the contrary. That is a decision by one of the inferior New York courts, and we are unable to find that it has ever been cited or followed in that state. Its authority is denied as being unsound

in reasoning and clearly against the great weight of authority. The notes sued on in the Chicago case have been merged into the judgment. If any fraud was practiced in the procuring of the judgment, that may be shown in a suit upon the judgment, but fraud in the inception, failure of consideration, or other defenses to the notes, to be available, must have been raised in the suit upon the notes, and is not now available in the action upon the judgment. In 23 Cyc. 1590 the rule is thus stated:

"A plea of fraud in an action on a judgment from another state must show fraud practiced in the very act of obtaining the judgment, not anterior to it; a defense founded on the fraudulent character of the cause of action or subject matter of the original suit is not admissible."

Some of our own cases to the same effect are: *Dodge v. Coffin,* 15 Kan. 277; *Ward v. Baker,* 16 Kan. 31; *Boyd v. Huffaker,* 40 Kan. 634, 20 Pac. 459; *Larimer v. Knoyle,* 43 Kan. 338, 23 Pac. 487; *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906; *Weedman v. Fowler,* 84 Kan. 75, 113 Pac. 390; *McLain v. Parker,* 88 Kan. 717, 129 Pac. 1140; *Littlefield v. Paynter,* 111 Kan. 201, 206 Pac. 1114.

Appellee contends that it is a proper defense in a suit upon a judgment of this kind that the plaintiff in the foreign judgment was not the holder of the notes at the time of suit thereon, and since the power of attorney authorizes an attorney to confess judgment in favor of the holder of the notes only, he is now entitled to show that the plaintiff was not the holder, for that is a matter which went to the jurisdiction of the court. In this connection he cites and relies upon *National Exchange Bank v. Wiley,* 195 U. S. 257, but in that case the answer alleged specific facts which showed that the plaintiff in the action was not the holder of the notes sued upon. There are no such allegations of facts in the answer in this case. The answer in this case simply denies that the plaintiff was the holder of the notes at the time of the Illinois judgment, denies that plaintiff had purchased them for value in due course before maturity, and says if he had purchased them before maturity he did it with knowledge of fraud in their inception. That would not have been a good answer if pleaded in the Chicago case, because it amounts only to denials and conclusions, and certainly it cannot be a good answer in a suit upon the judgment. Especially is this true when defendant's answer in this case disclosed that the notes were attached to plaintiff's petition in the suit in Illinois, were actually in court, the plaintiff alleged that it was the holder of the notes, and the

court by its judgment necessarily so found, and permitted them to be withdrawn after they had been marked in judgment and copies filed in lieu thereof.

Lastly, it is argued that in any event the $100 included in the judgment for attorneys' fees is void because of our statute. Our statute applies only when suit is brought on the note in this state. The judgment for attorneys' fees was valid in Illinois, as it is in many states. That part of the judgment being upon a liability valid in Illinois, and the judgment itself being valid there, then the question of its validity cannot be raised when suit is brought on the judgment in this state.

It necessarily follows that the judgment of the court below must be reversed with directions to enter judgment for plaintiff.

HOPKINS, J., dissenting.