No. 30,136.

ELIZABETH MOHR, *Appellee*, v. THE WOMEN'S BENEFIT ASSOCIATION OF THE MACCABEES, *Appellant*.

(5 P. 2d 789.)

Opinion filed December 12, 1931.

*Arthur J. Stanley* and *Arthur J. Stanley, Jr.*, both of Kansas City, for the appellant.

*Elmer E. Martin*, of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a benefit certificate. Plaintiff prevailed, and the association which issued the certificate appeals.

The trial was of issues limited by this court in a former appeal. (*Mohr v. Women's Benefit Ass'n*, 131 Kan. 132, 289 Pac. 476.) The first issue was determined adversely to defendant, and the second issue alone is now material. That issue was whether the certificate holder died from the effects of an abortion, produced by herself or by another person with her consent. The jury returned the following findings of fact:

"3. Did Irene Mohr die from the effects of an abortion or miscarriage produced by herself or by any other person with her consent? A. No.

"4. What was the cause of the death of Irene Mohr? A. Influenza and pneumonia."

It is not necessary to discuss the evidence. This court holds the evidence was sufficient to sustain the findings.

At the trial of the issue of cause of death, defendant offered to prove by a witness on the stand certain stated facts tending to show abortion had occurred and was self-produced or produced by con-

sent. The offer was rejected, and defendant contends the ruling was erroneous. While the jury was not specifically interrogated on the subject, there was no substantial dispute that an abortion had occurred. If the testimony had been admitted it would have warranted an inference that the abortion was self-produced or was produced by consent. There remained, however, the question of cause of death, and conceding the fact of abortion, the jury found death resulted from other causes.

Defendant contends that if the proffered testimony had been admitted the whole case might have borne a different aspect. Influenza and pneumonia might have been regarded as contributing causes only, and abortion, self-produced or produced by consent, might have been regarded as the legal cause of death.

The statute relating to new trials reads:

"In all cases where the ground of the motion is error in the exclusion of evidence, want of fair opportunity to produce evidence, or newly discovered evidence, such evidence shall be produced at the hearing of the motion by affidavit, deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner." (R. S. 60-3004.)

This statute was not complied with. At the hearing of the motion for new trial the witness was not brought back, her deposition was not taken, and her affidavit showing what she would have said had she been permitted to testify was not produced.

The motion for new trial was denied on January 19, 1931, and an appeal to this court was perfected on February 4. Defendant's abstract was filed in this court on June 23, and the assignment of cases for hearing in November, showing the case was set for hearing in this court on November 5, was mailed by the clerk the latter part of August. On September 4 defendant filed in the district court the following motion:

"Comes now the above-named defendant and moves the court to modify the journal entry of judgment entered on January 19, 1931, in the above-entitled cause, in which journal entry the motion of defendant for a new trial was overruled, by including in such journal entry that the court in ruling on said motion for new trial considered the offer of proof made by defendant in the evidence of Minnie Miller, the same as though said evidence of Minnie Miller had been produced by affidavit at the hearing of said motion.

"Said defendant further moves the court for an order permitting the said defendant to now file said affidavit of Minnie Miller as a part of the records in this cause."

On September 8 the motion was heard. The journal entry was corrected to say the court considered the competency of the offered

evidence as if duly presented, and the court made the following order:

"It is therefore by the court considered and ordered: That defendant may file such affidavits as it may desire in order that the rejected testimony may be presented on appeal."

Thereupon the affidavit of the witness was filed, stating the facts contained in the offer of proof made at the trial. The proceeding and the affidavit are presented by supplemental abstract.

The statute serves two purposes. First, the ground for new trial is brought specifically to the attention of the court, and the court is apprised of the precise nature of the testimony. Second, the offer of proof is supported by oath of the witness, testifying orally, or by deposition, or by affidavit, and the court knows it is ruling on real proof. The result is, production of the evidence in the required manner is a condition to judicial consideration of the question whether the evidence was erroneously excluded. Without such production there is no more before the court respecting exclusion of evidence than there would be if a motion for new trial were not filed in time, or if a motion for new trial duly filed omitted the ground of wrongful exclusion of evidence.

The quoted portion of R. S. 60-3004 allows the opposing party to rebut the evidence produced. Another portion of the section reads:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable."

The manifest purpose is that proceedings at the trial may be fully reviewed and the case may be closed by just decision, at the hearing of the motion for new trial. Excluded evidence, evidence which a party had no fair opportunity to produce, new evidence, and rebutting evidence, must necessarily all be before the court, or there can be no final disposition of the case, and insufferable confusion in procedure would result if the proceeding in the district court could be opened, after denial of a new trial and after appeal, to conclude, in effect, the hearing of the motion for new trial.

The result of the foregoing is, error in denying the motion for new trial on the ground of exclusion of evidence is not disclosed.

The judgment of the district court is affirmed.