No. 38,519

ESTHER G. BARNES, *Appellee*, v. E. M. HILTON, *Appellant*.

(239 P. 2d 966)

Opinion filed January 26, 1952.

*Donald B. Clark*, of Kansas City, Mo., argued the cause and *James E. Campbell*, of Kansas City, Mo., and *Howard E. Payne*, of Olathe, were with him on the briefs for the appellant.

*Karl V. Shawver, Jr.*, of Paola, argued the cause, and *Karl V. Shawver*, of Paola, and *Johnson, Davis, Thomson, VanDyke & Fairchild*, all of Kansas City, Mo., were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action upon a money judgment of the superior court of Los Angeles County, California, entered upon a confession of judgment. The appeal is from an order of the court sustaining plaintiff's demurrer to the answer of defendant upon the ground that the answer does not state facts sufficient to constitute a defense.

Plaintiff in her petition alleged that on February 24, 1949, in the superior court of Los Angeles County, California, she duly recovered a judgment against the defendant based on a written confession of judgment; that no part of the judgment has been paid, and there is due and owing plaintiff from defendant the sum of $11,654.10 with interest at six percent since February 24, 1949, and $10 costs. Attached to the petition and made a part thereof is an authenticated copy of the California judgment. The prayer was for the sum due in the judgment.

To this petition defendant filed an amended answer which contained a general denial, and defendant further alleged that he is a bona fide resident of the state of Kansas residing at 2504 West 51st street in Johnson county, where he has resided continuously for more than four years; that he has not been in the state of Cali-

fornia for more than four years; that no service of process was ever served upon him in any action brought in the state of California; that the purported judgment upon which plaintiff's petition was filed was obtained without *legal service* of process upon him; that he had never entered into any *legal agreement,* orally or in writing, with any person to enter his appearance in any action in the state of California, nor did he ever enter into any *legal* written or oral agreement to confess judgment in any action whatsoever; that the purported judgment upon which this action is brought was obtained without proper service of process upon him and is therefore null and void and of no force and effect; that the purported judgment upon which this action was brought was *obtained by fraud;* that defendant was deprived of his day in court by reason *of the fraud committed upon him* and by reason of the fact that the superior court of the County of Los Angeles, California, had no jurisdiction over this defendant or over the subject matter; that this defendant never appeared in the superior court of Los Angeles County, California, in any action brought against him by this plaintiff, nor *did he authorize any agent or other person* to appear for him in such action; that the purported judgment in the action brought by plaintiff against defendant in the superior court of Los Angeles County, California, deprived the defendant of his proper rights without due process of law and violated the rights guaranteed him under the fourteenth amendment to the constitution of the United States; that the defendant had and has a good and meritorious defense to the action brought in the state of California by the plaintiff in which the purported judgment was entered, but because of the fraudulent action of the plaintiff and her agents was deprived of an opportunity to enter such defense and was deprived of his day in court and the rights guaranteed him by the fourteenth amendment to the constitution of the United States. (Our italics.)

Further answering defendant states that on February 23, 1949, one Morton E. Feiler, who was at that time attorney for the plaintiff, filed in the superior court of California for the County of Los Angeles, under cause No. 55,6115, a confession of judgment in the following words and figures:

"In the Superior Court of the State of California in and for the County of Los Angeles. *Esther G. Barnes, Plaintiff, vs. E. M. Hilton. Defendant,* No. 556115.

"Confession of Judgment

"I, Morton E. Feiler, Esq., an attorney at law duly licensed to practice in the Courts of Record of the State of California do hereby confess judgment herein in favor of Esther G. Barnes of the City of Los Angeles, County of Los Angeles, State of California against E. M. Hilton for the sum of $11,654.10, and authorize judgment to be entered therefor against said E. M. Hilton, with legal interest thereon from this date.

"This Confession of Judgment is for a debt justly due and owing to the said Esther G. Barnes, arising upon the following facts, to-wit:

"On December 28, 1942, the said defendant E. M. Hilton executed two promissory notes to the order of the plaintiff, one in the principal sum of $6,705.00, together with interest thereon at the rate of six per cent per annum from the date thereof and an attorney's fee of $15.00 in the event of non-payment and the other in the sum of $250.00 with interest thereon at the rate of six per cent per annum from the date thereof and an attorney's fee of $15.00 in the event of non-payment. True copies of said promissory notes marked Exhibits A and B are attached hereto and made part hereof by reference.

"On January 25, 1943, the said defendant, E. M. Hilton executed two promissory notes to the order of the plaintiff, one in the principal sum of $1,250.00, together with interest thereon at the rate of six per cent per annum from the date of demand which was September 1, 1943, and an attorney's fee of $15.00 in the event of non-payment and the other in the sum of $300.00 with interest thereon at the rate of six per cent per annum from January 25, 1943, and an attorney's fee of $15.00 in the event of non-payment. True copies of said promissory notes marked Exhibits C and D are attached hereto and made part hereof by reference.

"That the following cognovit was executed by E. M. Hilton as part of each of the aforesaid promissory notes: (Same as in Exhibit "A".)

"That each of the aforesaid promissory notes was executed by the defendant to the order of the plaintiff for valuable consideration, to-wit monies loaned by the plaintiff to the defendant in the full amount of the principal sums as indicated on each of said four promissory notes, which monies were loaned by the plaintiff to the defendant in the City of Los Angeles, County of Los Angeles, State of California.

"That by the terms of said promissory notes, the said principal sums specified therein, together with interest at the rate of six per cent per annum thereon from the dates of the execution of said notes or from the date of demand for the payment of the note described as 'Exhibit D,' were made payable in the City of Los Angeles, County of Los Angeles, State of California.

"That no part of the said notes have been paid by the defendant to the plaintiff although the plaintiff has heretofore made due demand upon the defendant for the payment of same and the whole of said sums due under said promissory notes, together with interest and attorney's fees thereon is now due, owing and unpaid from defendant to plaintiff as follows:

| Note Dated | Principal | Interest | Attorney's Fee | Total |
|---|---|---|---|---|
| Dec. 28, 1942 | $6,705.00 | $2,480.85 | $15.00 | $9,200.85 |
| Dec. 28, 1942 | 250.00 | 92.50 | 15.00 | 357.50 |
| Jan. 25, 1943 | 1,250.00 | 406.25 | 15.00 | 1,671.25 |
| Jan. 25, 1943 | 300.00 | 109.50 | 15.00 | 424.50 |
| | | | | $11,654.10 |

"That pursuant to the said warrant of Attorney to Confess Judgment as contained in said Promissory notes and by virtue thereof and on behalf of the defendant, E. M. Hilton, comes now Morton E. Feiler, Esq. and for the purpose duly executed by the said E. M. Hilton in said promissory notes waives the issuing and service of process and with the consent of the plaintiff, confesses that the said E. M Hilton is justly indebted to the said plaintiff in the sum of $11,654.10 and that the same is now due to the plaintiff, Esther G. Barnes, as the holder of said promissory notes.

(Signed)   MORTON E. FEILER

" 'EXHIBIT A.

$6705.00                                   Los Angeles, Calif   12-28   1942

" 'One Year _____ after date for value received I promise to pay to Esther Barnes or order Six Thousand Seven Hundred and Five no/100 Dollars at Los Angeles Calif—in consideration whereof, _____ do hereby authorize and empower        or any other Attorney of any Court of Record in term time or vacation, to enter appearance therein, or before any Justice of Peace and at any time after date hereof, waiving all process, to confess judgment in favor of holder hereof for the then amount hereof, costs and fifteen dollars Attorney's fees, to consent to immediate issue of execution, to waive and release all errors and irregularities that may occur in entering up judgment hereon, and further to agree that no appeal or writ of error shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment or execution issued thereon.

" 'Witness hand the day and year first above written.

E. M. Hilton.

" 'Interest 6% Per Annum.' "

Exhibit "B" is a note dated Los Angeles, California, December 28, 1942, for the sum of $250.00, due in 90 days; otherwise it is in the form of Exhibit "A." Exhibit "C" is a note dated Los Angeles, California, January 25, 1943, for $300.00, due in 60 days; otherwise it is in the same form as Exhibit "A." Exhibit "D," is a note dated Los Angeles, California, January 25, 1943, for $1,250.00, due on demand; otherwise it is in the same form as Exhibit "A."

"State of California, County of Los Angeles, ss.

"Morton E. Feiler, being by me first duly sworn, deposes and says: that he is the attorney in the above entitled action; that he has read the foregoing Confession of Judgment and knows the contents thereof; and that the same is true of his own knowledge, except as to the matters which are therein stated upon his information or belief; and as to those matters which he believes it to be true.

(Signed)   MORTON E. FEILER

"Subscribed and sworn to before me this 24 day of February, 1949.

(Signed)   D. L. VALLEY

(Seal)                          Notary Public in and for the
                               County of Los Angeles,
                               State of California."

It was further alleged that on February 25, 1949, Morton E. Feiler caused to be entered a judgment in the amount of $11,654.10 with interest, being the same judgment as on which suit was brought in this action; but no further proceedings were had in the state of California. It was further alleged the judgment was entered under the provisions of Title III, Chapter 1, Sections 1132, 1133, 1134 and 1135 of the California Code of Civil Procedure, which was in full force and effect at all times mentioned herein, which actions are as follows:

"Sec. 1132. Judgment may be confessed for debt or contingent liability: (Entry.) A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter. Such judgment may be entered in any court having jurisdiction for like amounts.

"Sec. 1133. Statement (by defendant) in writing and form thereof. A statement in writing must be made, signed by the defendant, and verified by his oath, to the following effect:

"1. It must authorize the entry of judgment for a specified sum;

"2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due;

"3. (Relates to a contingent liability.)

"Sec. 1134. (Filing and indorsement of statement: Entry of judgment: Judgment roll.) In courts other than justices' courts, the statement must be filed with the clerk of the court in which the judgment is to be entered, who must indorse upon it, and enter a judgment of such court for the amount confessed, with ten dollars costs. The statement and affidavit, with the judgment indorsed, thereupon becomes the judgment roll.

"Sec. 1135. (Relates to procedure in justice's court.)"

It was further alleged that the purported judgment was not in accordance with the laws of the state of California made and provided for judgments by confession and that the judgment is null and void. It was further alleged that the judgment is against the public policy of the state of Kansas. His prayer was that defendant be discharged with his costs.

In this court counsel for appellant first argue that by filing a demurrer to the answer plaintiff admits all the facts pleaded in the petition. That is true as to facts alone which are well pleaded, but it is not true as to the legal interpretation of the facts. For example: In his answer defendant pleads "that he never entered into any legal agreement" with any person to enter his appearance in any action in the state of California, and that he did not "enter into any legal written or oral agreement to confess judgment in any action." These

allegations question only the legality of the agreement and do not mean that he did not enter into the agreement contained in the cognovit embodied in the respective notes. It does allege that the judgment rendered against him in the superior court of California was obtained by fraud; but this is ineffective because he sets out no act alleged to have constituted fraud. He alleges that he had and has a good and meritorious defense to the action brought in California, but that is ineffectual because he does not state what the defense is. The answer does make it clear that there has been no proceeding in California to have the judgment rendered against him in that state set aside. If he were not indebted on the note, or if he had any good and meritorious defense, or if there was any fraud in procuring the judgment, there is no reason why he could not have set those matters up in a proceeding to have the judgment set aside in California. The judgment still stands of record as a valid judgment of the superior court of California, which is the court of general jurisdiction in that state. (Art. 6, sec. 5, Calif. Const.) Such a judgment will not be set aside upon the general noneffectual statements above mentioned.

Appellant does not contend that the California attorney who filed the confession of judgment in the California court included therein anything he was not authorized by the cognovits in the respective notes to include in such a statement. His real contention appears to be that the respective cognovits are ineffective because his signature thereto was not verified by his oath. We think the point not well taken. The California attorney was authorized to make that oath and did so. The cognovits are written into the respective notes and as a part of the consideration therefor. They constitute benefits for the payee. Perhaps plaintiff would not have loaned him the monies without them. The cognovits are parts of the contracts that defendant was privileged to make, and as between the parties there is no reason why he is not bound thereby.

In *Smith v. The State,* 64 Kan. 730, 68 Pac. 641, it was said:

"A judgment entered by confession, without the filing of an affidavit, required by section 4854 of the General Statutes of 1901 (now G. S. 1949, 60-3113), is valid between the parties." (Citing cases from Indiana, Minnesota, Iowa and New York.)

This was cited with approval in *Brooks v. National Bank of Topeka,* 153 Kan. 831, 838, 113 P. 2d 1069. See, also, *Manley v. Mayer,* 68 Kan. 377, 390, 391, 75 Pac. 550. For our former decisions sustaining judgments on confession rendered in other states

see *Ritter v. Hoffman,* 35 Kan. 215, 10 Pac. 576; *Kitchen v. National Bank,* 53 Kan. 242, 36 Pac. 344, and *Bank & Trust Co. v. Porth,* 116 Kan. 310, 226 Pac. 747, and authorities there cited.

We notice, also, that by the cognovits the attorney was "to waive and release all errors and irregularities that may occur in entering up judgment hereon." So, if there was any error or irregularity in the matter the defendant waived it by his cognovits.

The judgment of the trial court is affirmed.