No. 39,914

ESTHER G. BARNES, *Appellee,* v. E. M. HILTON, *Appellant.*

(290 P. 2d 1024)

Opinion filed December 10, 1955.

T. M. Lillard, of Topeka, argued the cause, and Howard E. Payne, of Olathe, and James E. Campbell, and Henry Arthur, both of Kansas City, Mo., were with him on the brief for the appellant.

Karl V. Shawver, Jr., of Paola, argued the cause, and Karl V. Shawver, Sr., of Paola, was with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on a judgment rendered in the state of California. A judgment was rendered in favor of the plaintiff. The defendant's post-trial motions were denied and he has appealed to this court. The parties will be referred to as they appeared in the trial court.

The contentions of error are more easily understood by setting forth the history of the litigation as it is disclosed by the defendant's abstract.

On May 26, 1949, the plaintiff commenced the present action seeking to recover on a judgment rendered on February 24, 1949, in her favor and against the defendant in the superior court of Los Angeles County, California. On February 1, 1950, the defendant filed an answer, and on March 28, 1950, filed an amended answer pleading at length proceedings had in the California court, and that the judgment was not in accord with the laws of that state and void, and that the judgment sued on was against the public policy of the state of Kansas. Plaintiff filed an intervening motion which needs no notice and on December 11, 1950, filed a demurrer to the amended answer on the ground facts sufficient to constitute a defense were not stated. On May 31, 1951, the demurrer was sustained and an appeal to this court followed, with the result the ruling of the trial court was affirmed, our opinion being filed on January 26, 1952, and appearing as Barnes v. Hilton, 172 Kan. 345, 239 P. 2d 966. Thereafter in the trial court the defendant filed a motion for leave to file a second amended answer. (We pause here to say that the motion for leave to file a second amended answer is not included in the abstract nor is the proposed second amended answer set forth and we are not advised in any particular what new or different allegations defendant proposed to state.) The plain-

tiff also filed her motion for judgment on the pleadings. On February 25, 1952, the trial court denied the defendant's motion and sustained the plaintiff's motion and rendered a judgment in her favor against the defendant.

The abstract further discloses that on February 27, 1952, the defendant filed two motions: one to set aside the order sustaining the plaintiff's motion for judgment on the pleadings, the other for a new trial. The ground of the first motion was that new evidence had been discovered which was not cumulative and of a character that would have compelled a different decision; that the California judgment had been vacated and held to be null and void; that the judgment was vacated on the day prior to the day judgment was entered in the present action and that the Kansas action was based on a void judgment of the California court. The motion for a new trial was grounded on the overruling of defendant's motion for time to file his second amended answer, on the sustaining of plaintiff's motion for judgment, and upon the ground of newly discovered evidence and in the same language as was included in the first mentioned motion. Neither of these motions was verified so that either could be considered as an affidavit. Defendant noticed both of these motions for hearing on March 5, 1952, but the abstract does not disclose that any hearing was then had or ruling then made.

At some undisclosed date the plaintiff filed a motion that the motions of the defendant referred to above be stricken from the files, and on February 19, 1955, the trial court heard the matter and on March 8, 1955, overruled the plaintiff's motion to strike and the defendant's motion for a new trial and his motion to set aside the order sustaining plaintiff's motion for judgment. In due time the defendant perfected his appeal to this court, specifying as error: 1. The refusal of the court to permit the defendant to file an amended answer; 2. The sustaining of plaintiff's motion for judgment on the pleadings; 3. The refusal to set aside the judgment; 4. The refusal of a new trial permitting a showing that the California judgment was void; and 5. The failure to give full faith and credit to the California decree.

In the defendant's brief there is no statement of the questions involved as required by our rule 6 (3) (b) nor are the specifications of error separately presented and argued. The defendant's brief presents an argument under four headings: 1. A judgment cannot be entered on a foreign judgment which is not final or which has

been vacated and set aside; 2. Defendant will be barred from ever presenting a defense to the action; 3. A void judgment may be set aside at any time; and 4. Defendant's constitutional rights have been violated. All of the argument under these headings is on the premise that the fact the California judgment had been vacated was newly discovered evidence and that such evidence was before the trial court on the hearing on the motion for a new trial and on the motion to vacate the plaintiff's motion for judgment on the pleadings. We have heretofore noted that the motion for a new trial included all of the matter contained in the motion to vacate the order sustaining the plaintiff's motion for judgment and the latter motion need not be separately discussed.

Defendant makes no specific argument that the trial court erred in refusing him permission to file a second amended answer. The code of civil procedure provides that if a demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, ". . . as the court or judge in its discretion shall direct." (G. S. 1949, 60-761.) So far as the record before us discloses, at the time the motion to file the second amended answer is concerned, the trial court was in no way advised as to the content of any proposed amendment. Certainly at that time the defendant knew that he had an application pending in the superior court of California to vacate the judgment sued on, and just as certainly the record as abstracted does not disclose that he made any showing of that fact to the trial court. Under the circumstances we cannot hold the trial court abused its discretion in denying the defendant permission to file a second amended answer.

As the pleadings then stood, by reason of the ruling previously made and affirmed in this court, there had been pleaded no defense to the allegations of the petition, and the trial court did not err in sustaining the plaintiff's motion for judgment on the pleadings.

The question remains whether the trial court erred in not sustaining the defendant's motion for a new trial. We have discussed the grounds of overruling defendant's motion for a new trial, and the sustaining of plaintiff's motion for judgment on the pleadings, and those grounds of the motion need no further attention.

The only remaining ground of the motion pertains to the so-called newly discovered evidence as to the setting aside of the California judgment. For present purposes it may be conceded that such

evidence, if properly before the trial court, was newly discovered evidence which defendant, with reasonable diligence, could not have produced at the trial, was not cumulative and was of such character as would have compelled a different result, but insofar as the record as abstracted discloses, none of this newly discovered evidence was produced at the trial by affidavit, deposition or oral testimony as required by G. S. 1949, 60-3004. In *Mohr v. Women's Benefit Ass'n,* 134 Kan. 311, 5 P. 2d 789, it was held:

"When the ground of a motion for new trial is the exclusion of evidence the excluded evidence must be produced at the hearing of the motion for a new trial. Without that the ground may not be judicially considered, and production of the evidence by leave of court granted after the motion has been denied and an appeal has been perfected is nugatory."

And see also the many cases cited in the annotations to the above section of the statute treating of the necessity of producing evidence on the hearing of a motion for a new trial. In the absence of such a showing as is required by the statute, there was no newly discovered evidence which the trial court could judicially consider, and its denial of a new trial was not error. In view of what has been said, we find it unnecessary to comment on defendant's discussion that a void judgment may be set aside at any time, and that his constitutional rights have been violated because he was not afforded an opportunity to present his defense.

The judgment of the trial court is affirmed.

PRICE, J., dissenting: Notwithstanding the fact I concede the correctness of the legal principles stated in the court's opinion, and upon which this case has been decided, I am unable to bring myself to agree to the result which has been reached. *The decision validates a Kansas judgment, which, for its very existence, is dependent upon a California judgment, when, in truth and in fact, the California judgment has been vacated and set aside by the courts of that state in Barnes v. Hilton,* 118 C. A. 2d, 108, 257 P. 2d 98, *decided on May 25, 1953.* I concede that counsel who represented defendant in the trial court did not comply with statutory procedure, and that from a *strictly technical standpoint* the decision reached is undoubtedly sound. However, my thought is, particularly in the very anomalous circumstances before us, that rules of procedure are not ends in themselves but rather are means by which correct results can be obtained. G. S. 1949, 60-3317, provides in part:

". . . and in any case pending before it, the [supreme] court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

The cold facts being what they are, it is my opinion that under the authority given to this court by the above statute the judgment in this case should be reversed. For that reason I respectfully dissent.